Jeanne L. Zimmer (SBN 123321)
zimmerj@cmtlaw.com
Martin Schannong (SBN 243297)
schannongm@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
MIDLAND FUNDING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. SALMAS,<br><br>              Plaintiff,<br><br>       vs.<br><br>MIDLAND FUNDING, LLC,<br><br>              Defendant. | CASE NO. 8:13-CV-00679-DOC-SH<br><br>**ANSWER TO COMPLAINT** |

COMES NOW Defendant MIDLAND FUNDING, LLC ("Defendant") and answers the Complaint of Plaintiff TIMOTHY L. SALMAS ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

1.     Defendant admits that Plaintiff has brought an action for alleged violations of the FCRA, FDCPA and Rosenthal Act. Defendant denies that Plaintiff's allegations have any merit.

**JURISDICTION**

2.     Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 2 of Plaintiff's Complaint, as they lack foundation and constitute legal conclusions.

1

3. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 3 of Plaintiff's Complaint, as they lack foundation and are vague and ambiguous.

## VENUE

4. Defendant lacks sufficient knowledge to admit or deny whether Plaintiff resides in Orange County. The remaining allegations in Paragraph 4 of Plaintiff's Complaint are vague and ambiguous as to whether they constitute affirmative allegations against Defendant. To the extent said allegations are deemed to constitute affirmative allegations against Defendant, Defendant denies them.

5. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 5 of Plaintiff's Complaint, as they lack foundation and constitute legal conclusions.

## PARTIES

6. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint as they lack foundation and constitute legal conclusions.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint as they lack foundation and constitute legal conclusions.

9. Defendant admits that it is a Delaware business entity with offices at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint as they lack foundation and constitute legal conclusions.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint as they lack foundation and constitute legal conclusions.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

12. Defendant admits that Trans Union is generally considered a "consumer reporting agency" within the meaning of the FCRA.

1  13.  Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 13 of Plaintiff's Complaint, which also lack foundation and are vague and ambiguous.

14.  Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.  Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

16.  Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

17.  Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

18.  Defendant denies the allegations Paragraph 18 of Plaintiff's Complaint.

19.  Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

20.  Paragraph 20 of Plaintiff's Complaint is vague and ambiguous as to whether it contains affirmative allegations against Defendant. To the extent said Paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

## COUNT I

21.  Defendant incorporates by reference its responses to Plaintiff's Complaint, as set forth in Paragraphs 1 through 20 above.

22.  Defendant admits that provisions regarding permissible purposes of consumer reports are set forth in Section 1681b of the FCRA.

///

///

23. Defendant admits that the circumstances listed in Paragraph 23 of Plaintiff's Complaint are examples of permissible purposes. Defendant denies that this is an exhaustive list of permissible purposes.

24. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 24 of Plaintiff's Complaint, as they lack foundation and are vague and ambiguous. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

25. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 25 of Plaintiff's Complaint, as they lack foundation and are vague and ambiguous. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to the relief requested in the prayer set forth under Paragraph 28.

## COUNT II

29. Defendant incorporates by reference its responses to Plaintiff's Complaint, as set forth in Paragraphs 1 through 28 above.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to the relief requested in the prayer set forth under Paragraph 31.

## COUNT III

32. Defendant incorporates by reference its responses to Plaintiff's Complaint, as set forth in Paragraphs 1 through 31 above.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to the relief requested in the prayer set forth under Paragraph 34.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute or statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any statutes, including the provisions of 15 U.S.C. § 1681 et seq., 15 U.S.C. § 1692 et seq. and California Civil Code § 1788 et seq.

### FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

### FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent no private right of action exists under the FCRA.

### SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that alleged mental anguish alone does not support damages under the FCRA.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent he lacks standing to assert them.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that debt collection is a permissible purpose to obtain a credit report.

## NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff and/or third parties, if any there were.

## TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by, *inter alia*, 15 U.S.C. §§ 1681n, 1681o, 1692k and California Civil Code § 1788.30.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred as Defendant complied with all of the obligations, if any, required under the FCRA, FDCPA and Rosenthal Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges the Complaint fails to state a claim supporting an award of reasonable attorney's fees.

/ / /

/ / /

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff has brought this action against Defendant in bad faith, and Defendant is therefore entitled to recover its reasonable expenses incurred herein, including attorneys' fees and litigation costs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

DATED: June 3, 2013                     CARLSON & MESSER LLP


                                        By   s/ Martin Schannong
                                             Jeanne L. Zimmer
                                             Martin Schannong
                                             Attorneys for Defendant
                                             MIDLAND FUNDING, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA 90045.

On **June 4, 2013,** I served the foregoing document(s) described as: **ANSWER TO COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

[X]  **BY MAIL:** I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]  **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **VIA NEXT DAY FEDERAL EXPRESS**
I delivered the above described documents in the above described envelopes to Federal Express for delivery via FedEx next business afternoon.

[ ]  **BY FACSIMILE** - I transmitted via telecopier machine such document to the offices of the addressees.

[ ]  **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **4th** day of **June, 2013** at Los Angeles, California.

Linda Brooks

1
PROOF OF SERVICE

**SERVICE LIST**
**Timothy Salmas v. Midland Funding, LLC**
File No.: 07500.00

Timothy L. Salmas
12823 Maxwell Dr.
Tustin, California 92782

**PLAINTIFF IN PRO SE**