FILED

2013 NOV 12  PM 3: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY:_____

1   Timothy L. Salmas
2   12823 Maxwell Dr
    Tustin, CA 92782
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9               CENTRAL DISTRICT OF CALIFORNIA
10              SOUTHERN DIVISION
11
12
13  Timothy L. Salmas,                    Case No.: SACV13-00679 DOC (SHx)
14            Plaintiff,                   **FIRST AMENDED COMPLAINT**
15  vs.                                    **TRIAL BY JURY DEMANDED**
16  MIDLAND CREDIT MANAGEMENT, INC;
17
    MIDLAND FUNDING, LLC;
18
19  ENCORE CAPITAL MANAGEMENT, INC,
20            Defendant.
21
22              <u>**FIRST AMENDED COMPLAINT**</u>
23              <u>**PRELIMINARY STATEMENT**</u>
24
25  1.  This is an action for damages brought from violations of the Fair Credit Reporting Act
26      (hereinafter "FCRA") 15 U.S.C. §1681 et seq., the Fair Debt Collection Practices Act
27      (hereinafter "FDCPA") 15 U.S.C. §1692 et seq., the Rosenthal Fair Debt Collection
28

Practices Act (hereinafter "RFDCPA") California Civil Code 1788 et seq., the Consumer

Credit Reporting Agencies Act (hereinafter "CCRAA") California Civil Code 1785 et seq.

## JURISDICTION

2. This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), California Civil

Code 1785.33, 28 U.S.C. § 1331, and 28 U.S.C. § 1337; and supplemental jurisdiction

under 28 U.S.C. § 1367 for the state law claims.

## VENUE

3. Venue is proper in the Central District of California Southern Division pursuant to 28

U.S.C § 1391 as Plaintiff resides in Orange County, California.

## PARTIES

4. Plaintiff, Timothy L. Salmas (hereinafter "Plaintiff"), is a natural person residing in

Orange County, California; a "consumer" within the meaning of the FCRA 15 U.S.C. §

1681a(c), the FDCPA 15 U.S.C. § 1692a(3), and the CCRAA California Civil Code

1785.3(b); and a "debtor" as defined by the RFDCPA California Civil Code 1788.2(h).

5. Defendant, ENCORE CAPITAL GROUP, INC., ("Encore"), is a "debt collector" within

the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code

1788.2; a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA

California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g); and a

for-profit corporation organized in Delaware which has a principle place of business

located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

Encore uses instrumentality of interstate commerce or the mails in a business the principle

purpose of which is the collection of any debts, and/or regularly collects or attempts to

collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.  As

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

part of its business in regularly collecting debts, Encore furnishes information to consumer reporting agencies. As such, Encore is a person or entity subject to the FCRA, 15 U.S.C. § 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

6. Defendant, MIDLAND CREDIT MANAGEMENT, INC, (hereinafter "MCM"), is a "debt collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2; a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g); and a for-profit corporation organized in Kansas, which has a principle place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. MCM is a wholly-owned subsidiary of Encore. MCM uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another. As part of its business in regularly collecting debts, MCM furnishes information to consumer reporting agencies. As such, MCM is a person or entity subject to the FCRA, 15 U.S.C. § 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

7. Defendant, MIDLAND FUNDING, LLC, (hereinafter "Midland"), is a "debt collector" within the meaning of the FDCPA 15 U.S.C. § 1692a(6) and the RFDCPA California Civil Code 1788.2; a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g); and a for-profit limited liability company organized in Delaware, which has a

principle place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. Midland is a wholly-owned subsidiary of Encore. Midland uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.  As part of its business in regularly collecting debts, Midland furnishes information to consumer reporting agencies. As such, Midland is a person or entity subject to the FCRA, 15 U.S.C. § 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

8. MCM, Midland and Encore are in fact, separate entities; as such MCM, Midland and Encore have all been named as Defendants in this Complaint.

9. According to the California Secretary of State website, MCM, Midland and Encore, operate out of the same address which is listed as: 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

## GENERAL ALLEGATIONS

10. Equifax is a "consumer reporting agency" within the meaning of the FCRA 15 U.S.C. § 1681a(f), and a "consumer credit reporting agency" within the meaning of the CCRAA California Civil Code 1785.3(d).

11. Experian is a "consumer reporting agency" within the meaning of the FCRA 15 U.S.C. § 1681a(f), and a "consumer credit reporting agency" within the meaning of the CCRAA California Civil Code 1785.3(d).

12. TransUnion is a "consumer reporting agency" within the meaning of the FCRA 15 U.S.C. § 1681a(f), and a "consumer credit reporting agency" within the meaning of the CCRAA California Civil Code 1785.3(d).

13. Consumer report (hereinafter "consumer report") is defined as "consumer report" within the FCRA 15 U.S.C. § 1681a(d), and "consumer credit report" within the CCRAA California Civil Code 1785.3(c).

14. Plaintiff obtained his consumer reports from the major consumer reporting agencies— Equifax and TransUnion—in April 2013, and from Experian in May 2013, and found entries within these reports that he was unfamiliar with.

15. After examination of his consumer reports Plaintiff found that Defendant, MCM, had obtained Plaintiff's TransUnion consumer report in March 2013.

16. Plaintiff found after further examination of his consumer reports that Defendant, Midland, had been reporting false and erroneous information to all three consumer reporting agencies. Midland was reporting an alleged account on all three consumer reports which Midland states originated in October 2011.  These reported accounts did not belong to Plaintiff as Plaintiff had never had any business relationship of any kind with Midland.

17. In their action in obtaining Plaintiff's consumer report, Defendant, MCM, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

18. In their actions in furnishing information to the consumer reporting agencies, Defendant, MCM, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

19. In attempting to collect said debt, defendants, MCM and Midland, engaged in "communications" with Plaintiff as defined in 15 U.S.C. § 1692a(2).

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

20. On April 10, 2013, Plaintiff sent a "Notice of Intent to Sue" letter to Defendant, Midland, via USPS Certified Mail number 7008 2810 0001 7998 0589 of their violation of the FCRA in obtaining Plaintiff's consumer reports with no permissible purpose in an effort to discuss settlement for their violations before taking civil action against them.

21. On April 10, 2012 Plaintiff disputed the entries made by Midland with TransUnion via USPS Certified Mail number 7008 2810 0001 7998 0565.

22. On May 03, 2012 Plaintiff disputed the entries made by Midland with Equifax via USPS Certified Mail number 7012 3050 0000 9229 5469.

23. On June 11, 2012 Plaintiff disputed the entries made by Midland with Experian via USPS Certified Mail number 7012 3050 0000 9229 5797.

24. Within five business days from the date on which the consumer reporting agencies received notice of Plaintiff's dispute, each of the consumer reporting agencies provided notification of the dispute to Defendant, Midland, as required under FCRA 15 U.S.C. § 1681i(a)(2).

25. After their receiving notice pursuant to the FCRA 15 U.S.C. § 1681i(a)(2) of a dispute provided by the consumer reporting agencies, Defendant, Midland had maintained that the reported information in dispute was accurate, without having made a proper reinvestigation, as required by FCRA 15 U.S.C. § 1681s-2(b).

26. As a result of the dispute, all three consumer reporting agencies reported the information was verified and would remain.

27. On or about April 30, 2013, Defendant, MCM, sent a letter to Plaintiff claiming "…we have determined that our credit reporting of the above-referenced account is accurate or we have updated it with the three major credit bureaus to make it accurate." This letter further

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

stated on a separate page: "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

28. On May 9, 2013, Plaintiff sent a letter to Defendant, MCM, via USPS Certified Mail number 7012 3050 0000 9229 5506 in response to MCM's April 30, 2013 dunning letter, disputing the alleged debt and requesting validation of the debt MCM is attempting to collect.

29. Even though Defendants, MCM and Midland, knew, or should have known, that the alleged account was non-existent and/or erroneous, MCM and Midland failed to reinvestigate and direct each of the three consumer reporting agencies to delete the inaccurate information about Plaintiff from his consumer reports. Midland continued to furnish the same false information each month thereafter to each of the three consumer reporting agencies, and has not complied in any way to Plaintiff's demand.

30. Neither MCM nor Midland have responded to either of Plaintiff's May 9, 2013 letter requesting validation.

31. There has been no compliance by either MCM or Midland with Plaintiff's timely demands for validation.

32. Defendant, Midland, has continued to report false and erroneous information on Plaintiff's consumer credit reports after formal dispute for a period of at least 5 months collectively. Had Midland performed the reasonable reinvestigation required by law they would have known definitively that the information they were furnishing was incorrect and that is should have been removed from the consumer reporting agencies records.

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

33. By ignoring Plaintiff's timely demands for validation and disputes, in their avoidance of their legal obligation to reinvestigate and go beyond mere electronic data and account notes of unverified and unauthenticated alleged account information, Defendant, Midland, has violated the clear mandate Congress intended and enacted under 15 U.S.C. § 1681s-2(b).

34. The FCRA requires the furnisher of information to conduct reasonable reinvestigation, review all relevant information, report the results, and modify, delete or block inaccurate or incomplete information from the consumer's credit reports after said consumer has disputed the information being provided. Not only has Defendant, Midland, failed to comply with 15 U.S.C. § 1681s-2(b) by not performing a reasonable reinvestigation, it has knowingly and willfully continued to furnish unverified and unauthenticated information to the consumer reporting agencies for at least the past 5 months.

35. Defendant, Midland, has knowingly reported inaccurate information about Plaintiff, after failing to reinvestigate, to the three major credit reporting agencies, Equifax, Experian, and TransUnion, damaging Plaintiff since at least May of 2013 in an attempt to coerce and deceive him into paying amounts not owed to them by Plaintiff.

36. The continued reporting of false and erroneous information to the credit reporting agencies without performing proper reinvestigation after Plaintiff's disputes not only violates 15 U.S.C. § 1681s-2(b) the first time but a violation occurs each and every time the furnisher knowingly and willfully does so.

37. Each time Defendant, Midland, furnishes information to the consumer reporting agencies without first performing a reasonable reinvestigation after that reinvestigation has been demanded constitutes a new and separate deliberate violation of the statute.

38. Defendant, Encore, at least "indirectly" engaged in the attempted collection of an alleged consumer debt after it had been disputed and without providing the validation timely demanded by Plaintiff. Encore is a debt buyer that owns Midland Funding LLC and Midland Credit Management, who sent a dunning letter to Plaintiff after his disputes with the consumer reporting agencies, reported erroneous information to all three credit reporting agencies, and obtained his consumer reports.

39. Defendant, Midland, failed to reinvestigate the alleged accounts after dispute as required by the FCRA. The amendments to the FCRA made by the Consumer Credit Reporting Act of 1996 raised the bar of compliance with the law by imposing a higher duty to reinvestigate on the **original source** providing information to the credit reporting agencies. Congress clearly intended the furnishers of credit data to perform a more exacting investigation than merely parroting their own internal data which the consumer has disputed.

40. Defendants, MCM, and Midland operate as a debt buying and collection enterprise. Defendant, Encore, is not simply a parent holding company, though it owns one hundred percent of the shares and interests in MCM and Midland. All three Defendants operate as parts of a single business operation yet routinely violate federal consumer protection statutes separately. Encore provides management and decision-making, Midland exists as an employee-less paper entity that holds title to the enterprise's purchased debt portfolios and MCM operates as the front for contact with the targeted debtor-consumers, calling itself the "servicer" of alleged accounts.

41. On its webpage, Encore explains that, "Encore Capital Group and its subsidiaries (collectively, the "Company") is a leader in consumer debt buying and recovery. The

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

company purchases portfolios of defaulted consumer receivables from major banks, credit unions, and utility providers and partners with individuals as they repay their obligations and work toward financial recovery."[1] "From our inception through year-end 2011, we invested approximately $1.8 billion to acquire 33 million consumer accounts with a face value of approximately $54.7 billion.  Our purchasing success is grounded in the strong relationships we enjoy with many of the United States' most successful and sophisticated financial institutions."[2]

42. By their own admission, the Defendants purchase information on accounts for far less than the amounts owed (an approximate average of 3.29 cents per dollar) however they misrepresent the amount they have at risk by attempting to collect from consumers who are led to believe they are satisfying a debt they may or may not have owed to an original creditor when in reality any original creditor will not be paid a single penny. By law the original creditor still has the right to collect as well even if the consumer is duped into paying the information buyer.

43. Encore does not operate independent of MCM and Midland. It does not have separate management or separate business and income. Instead, it serves as the name of the Encore family of subsidiaries, all of whom are interrelated and inseparably operated as a single business operation that is engaged in the business of purchasing *consumer debt information* and attempting to collect after paying pennies on the dollar for said information. Each of these entities however commits violations against consumers individually as if they were in fact separate entities.

---

[1] http://www.encorecapital.com/about - last visited Feb 17, 2012.
[2] http://www.encorecapital.com/partners - last visited Aug 12, 2013.

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

44. When purchasing portfolios of debt information, the Defendants makes an intentional business decision not to obtain competent evidence as to whether written contracts exist between the original creditors of the debts and the consumers, or if there was other documentation showing when or how the debts were incurred. There is little to no documentation beyond very rudimentary information which would allow them to calculate the amount of debt owed by a consumer, i.e.: name, last known address, telephone number, social security number, amount alleged to be due, name of original creditor, original account number and current owner of the debt.

45. Defendants are "inextricably intertwined" and/or connected in the actions alleged in this action.

46. Defendants are each the alter ego of the other.

47. The corporate fiction should be disregarded as it is being used as a means of perpetrating fraud and/or abuse of the corporate structure while routinely violating federal consumer protection statutes in an attempt to obtain unjust enrichment while accepting the risks of such violations as a mere cost of doing business.

48. Each Defendant actively participated in the acts or omissions which are the subject of this suit and sought to benefit from the actions alleged in this complaint.

49. The Federal Trade Commission publication, "The Structure and Practices of the Debt Buying Industry", January 2013[3], contained the following findings which provide insight into the general practices of the industry and may explain the Defendant's failure to reinvestigate Plaintiff's timely disputes:

   a. The availability of documents specific to accounts in most purchase and sale agreements is not guaranteed and may not exist.

b. Approximately 500,000 disputed debts were not verified after dispute by the buyers in 2009 alone.

c. The FDCPA prohibits debt collectors, including debt buyers from seeking to recover on unverified debts but does not bar the reselling of such debts to other purchasers which likely contributes to collectors seeking to recover from the wrong consumer or the wrong amount.

d. The FTC used compulsory process in the study and focused on large debt buyers one of which was ENCORE CAPITAL GROUP, INC.

e. Purchased information often includes spreadsheets containing a consumer's name, address, social security number, original creditor, date opened, date charged off and balance at charge off but no documentation of the authenticity of the information.

f. On average the debt buyers pay in a range from 2.2 to 7.9 cents on the dollar of amount of the alleged debt and are fully aware there is no guarantee of the validity or accuracy of the information they purchase.

g. In many purchase and sale agreements, sellers disclaim all warranties and representation regarding the accuracy of the information they provide at the time of the sale. Thus the buyer knowingly purchases "as is" and is therefore fully aware of the possibility of the information regarding an individual alleged account may be false or largely inaccurate.

50. The reporting of false and erroneous information to the consumer reporting agencies is a violation of the FDCPA 15 U.S.C. § 1692g which re-ages the relative statute of limitations on such violations each and every time they knowingly and willfully do it.

---

[3] http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

51. Defendant's dissemination of inaccurate information about the Plaintiff has and is causing the following damages:

   a.   Personal expenses related to disputing the allegedly inaccurate information;

   b.   Injury to his credit reputation, undue worry, emotional distress, and loss of happiness resulting from the distribution of incorrect and disparaging information to parties both known and unknown;

   c.   A diminished credit score which may hinder Plaintiff's ability to obtain credit in the future.

52. The Courts have consistently held that any person who willfully fails to comply with any requirement of the FCRA may be liable for punitive damages, 15 U.S.C. § 1681n. To establish willful noncompliance, a plaintiff must prove that the defendant(s) "knowingly and intentionally committed an act in conscious disregard for the rights of others' need not show 'malice or evil motive.'"

53. There is no debt as to the basis of this instant action, rather the basis is the illegal, unconscionable and invasive behavior of the Defendants in their attempts to collect a non-existent alleged debt from Plaintiff and collection on a non-existent alleged account.

54. Plaintiff denies ever having established any business relationship, or contractual agreement for credit, loans, accounts, or services with any of the Defendants.

55. All violations complained of herein occurred within the statute of limitations as defined in the FCRA 15 U.S.C. § 1681(p), the FDCPA 15 U.S.C. § 1692k(d), the RFDCPA California Civil Code 1788.30(f), and the CCRAA California Civil Code 1785.33

56. "Debt" is defined in the FDCPA 15 U.S.C. § 1692a(5) and in the RFDCPA California Civil Code 1788.2(d).

57. "Account" is defined in the FCRA 15 U.S.C. § 1681a(r)(4), which has the same meaning as the Electronic Fund Transfer Act ("EFT Act") 15 U.S.C. 1693a(2).

## COUNT I

**VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ.,**

**VIOLATION OF THE CCRAA CALIFORNIA CIVIL CODE 1785 ET SEQ.**

**WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT MIDLAND**

**CREDIT MANAGEMENT, INC**

58. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

59. Discovery of violations brought forth herein occurred from April 2013 to present and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

60. The permissible purpose for which a person may obtain a consumer report is described in the FCRA 15 U.S.C. § 1681b and the CCRAA California Civil Code 1785.11(a).

61. Such permissible purposes are generally, if the consumer makes application for credit, employment, underwriting of insurance involving the consumer, is offered a bona fide offer of credit as a result of the inquiry, or in connection with the hiring of a dwelling unit.

62. Defendant, MCM, had obtained Plaintiff's TransUnion consumer report on March 10, 2012.

63. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, hired a dwelling unit from, nor received a bona fide offer of credit from Defendant, MCM.

64. At no time did Plaintiff give his consent for Defendant, MCM, to acquire his consumer report from any consumer reporting agency.

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

65. Defendant, MCM, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681b and with the CCRAA California Civil Code 1785.11(a) by obtaining Plaintiff's TransUnion consumer report on March 10, 2012 with no permissible purpose. "Data mining" is not among the listed permissible purposes in the FCRA.

66. Defendant, MCM, willfully and/or knowingly obtained Plaintiff's consumer report with no permissible purpose violating the FCRA, 15 U.S.C. § 1681b, the CCRAA California Civil Code 1785.11(a), and committed with actual malice and an egregious violation of Plaintiff's right to privacy.

67. At no time has MCM ever provided any valid justification they may have had for obtaining Plaintiff's consumer report.

68. Defendant, MCM, has not provided the certification, required under the FCRA 15 U.S.C. § 1681e, as to what their permissible purpose was when specifically obtaining Plaintiff's consumer report from TransUnion.

69. MCM had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer reports, and a duty to provide certification to the consumer reporting agency when obtaining Plaintiff's consumer report, and MCM breached said duty. There was no account that MCM had any right to collect to have had permissible purpose to obtain Plaintiff's consumer reports, and therefore Plaintiff is entitled to damages for breach of said duty.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against Defendant, MCM, as follows:

a.  Adjudging that Defendant, MCM, violated the FCRA.

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

b.   Adjudging that Defendant, MCM, violated the CCRAA.

c.   Awarding Plaintiff statutory damages of $1,000, pursuant to the FCRA 15 U.S.C. §
1681n, against Defendant, MCM;

d.   Awarding Plaintiff civil penalties of $2,500, pursuant to the CCRAA California Civil
Code 1785.19(a), against Defendant, MCM;

e.   Awarding Plaintiff punitive damages to be decided at trial, against Defendant, MCM;

f.   Awarding Plaintiff actual damages, against Defendant, MCM;

g.   Awarding Plaintiff any attorney's fees and costs incurred in this action, against
Defendant, MCM;

h.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed
under the law, against Defendant, MCM;

i.   Awarding Plaintiff such other and further relief as the Court may deem just and proper,
against Defendant, MCM.

**COUNT II**

**VIOLATIONS OF THE FCRA 15 U.S.C. § 1681 ET SEQ.,**

**VIOLATIONS OF THE CCRAA CALIFORNIA CIVIL CODE 1785 ET SEQ.**

**WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT MIDLAND**

**FUNDING, LLC**

70. Plaintiff repeats and re-alleges each and every allegation stated above as though fully
stated herein.

71. Discovery of violations brought forth herein occurred from April 2013 to present and are
within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

72. As a direct result of its failure to conduct a reasonable reinvestigation, Defendant, Midland, has been willfully and knowingly reporting information purported to be in connection with Plaintiff—from April of 2013 to TransUnion, May of 2013 to Equifax, and June of 2013 to Experian— in clear violation of the FCRA 15 U.S.C. § 1681s-2(b) and the CCRAA California Civil Code 1785.25(a).

73. To date, Midland has committed at least twenty-one separate violations of 15 U.S.C. § 1681s-2(b), and twenty-one separate violations of the CCRAA California Civil Code 1785.25(a), by deliberately failing to reinvestigate before reporting to the consumer reporting agencies to the best of Plaintiff's knowledge. Further violations may be identified in the discovery process.

74. Plaintiff, by filing disputes with the consumer reporting agencies under the FCRA 15 U.S.C. § 1681i in April and May of 2013, invoked his private right of action to assert claims against Midland arising under the FCRA 15 U.S.C. § 1681s-2(b).

75. Defendant, Midland, violated the CCRAA California Civil Code § 1785.25(b) by determining that they had reported inaccurate or incomplete information about Plaintiff to consumer credit reporting agencies, and subsequently failing to (1) notify the consumer credit reporting agencies of that determination and (2) provide corrections or additional information necessary to make the information complete and accurate.

76. At no time has Midland provided any valid justification they may have had for reporting false information to the consumer reporting agencies.

77. Midland had a duty to properly reinvestigate the disputed information being reported to each of the consumer reporting agencies, and Midland breached said duty. There was no

account that Midland had any right to report, and therefore Plaintiff is entitled to damages for breach of said duty.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against Defendant, Midland, as follows:

a.   Adjudging that Defendant, Midland, violated the FCRA.

b.   Adjudging that Defendant, Midland, violated the CCRAA.

c.   Awarding Plaintiff statutory damages of $1,000 for <u>each and every violation</u>, pursuant to the FCRA 15 U.S.C. § 1681n, against Defendant, Midland;

d.   Awarding Plaintiff civil penalties of $2,500 for <u>each and every violation</u>, pursuant to the CCRAA California Civil Code 1785.19(a), against Defendant, Midland;

e.   Awarding Plaintiff punitive damages to be decided at trial, against Defendant, Midland;

f.   Awarding Plaintiff actual damages, against Defendant, Midland;

g.   Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant, Midland;

h.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant, Midland;

i.   Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant, Midland.

//
//
//

## COUNT III

### VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ.,

### VIOLATION OF THE CCRAA CALIFORNIA CIVIL CODE 1785 ET SEQ.

### WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT ENCORE

### CAPITAL GROUP, INC.

78. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

79. By its own admission on its website Defendant, Encore provides management and decision-making for Defendants MCM and Midland.

80. Encore is therefore, in violation of the FCRA 15 U.S.C. § 1681b and the CCRAA California Civil Code 1785.11(a) by and in direct consequence to, its decision to have MCM obtain Plaintiff's consumer report without permissible purpose in March of 2013.

81. Encore is also directly and equally responsible with MIDLAND for the cumulative twenty-one, and possibly more, separate violations of 15 U.S.C. § 1681s-2(b), and the cumulative twenty-one, and possibly more, separate violations of CCRAA California Civil Code 1785.25(a), by their failure to assure that a proper reinvestigation was conducted after Plaintiff's disputes.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against Defendant, Encore, as follows:

a. Adjudging that Defendant, Encore, violated the FCRA.

b. Adjudging that Defendant, Encore, violated the CCRAA.

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

c.  Awarding Plaintiff statutory damages of $1,000 for <u>each and every violation</u>, pursuant to the FCRA 15 U.S.C. § 1681n, against Defendant, Encore;

d.  Awarding Plaintiff civil penalties of $2,500 for <u>each and every violation</u>, pursuant to the CCRAA California Civil Code 1785.19(a), against Defendant, Encore;

e.  Awarding Plaintiff punitive damages to be decided at trial, against Defendant, Encore;

f.  Awarding Plaintiff actual damages, against Defendant, Encore;

g.  Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant, Encore;

h.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant, Encore;

i.  Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant, Encore.

<u>COUNT IV</u>

**VIOLATION OF THE FDCPA 15 U.S.C. § 1692 ET SEQ.**

**WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC, MIDLAND FUNDING, LLC, AND ENCORE CAPITAL GROUP INC**

82. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

83. Defendant, MCM, by obtaining Plaintiff's consumer report generated a "communication" with Plaintiff in connection with the collection of a debt, as defined in 15 U.S.C. § 1692a(2).

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

84. Defendant, Midland, by reporting an alleged debt as a "debt collector" to a consumer reporting agency generated a "communication" with Plaintiff in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

85. Defendants, MCM and Midland, failed to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

86. Defendant, Midland, made a false representation to the three consumer reporting agencies—Equifax, Experian and TransUnion—on multiple occasions as to the character, amount and/or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

87. Defendant, MCM's, April 30, 2013 dunning letter to Plaintiff did not contain the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

88. Defendants, MCM and Midland, used false representations and/or deceptive means to collect a debt and/or obtain information about the Plaintiff in violation of 15 U.S.C. § 1692e(10).

89. Defendants, MCM and Midland, engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt which results in violations of the FDCPA, 15 U.S.C. § 1692d.

90. By its own admission on its website, Encore provides management and decision-making for Defendants MCM and Midland.

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

91. Encore is therefore, complicit in each of the above FDCPA violations by and in direct consequence to its decisions to allow MCM and Midland to commit said violations.

92. None of the three Defendants have produced any evidence or factual documentation of any alleged debt for which Plaintiff could be responsible for and have continued to violate the consumer protection statutes.

93. Plaintiff has never had any business relationship with any of the three Defendants.

94. Plaintiff has no alleged accounts which any of the three Defendants could claim ownership of.

95. A purchase of Plaintiff's personal information does not constitute a contractual obligation between Plaintiff and any of the three Defendants.

96. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

97. Both Defendants, MCM and Midland, had a duty to properly ascertain if there was any legitimate debt owed before attempting to collect a debt from Plaintiff, and both Defendants breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against each and every Defendant, MIDLAND CREDIT MANAGEMENT, INC, MIDLAND FUNDING, LLC, AND ENCORE CAPITAL GROUP INC, as follows:

a. Adjudging that each and every Defendant violated the FDCPA.

b. Awarding Plaintiff statutory damages of $1,000, pursuant to the FDCPA 15 U.S.C. § 1692k, against each and every Defendant;

c.   Awarding Plaintiff actual damages, against <u>each and every Defendant</u>;

d.   Awarding Plaintiff any attorney's fees and costs incurred in this action, against <u>each and every Defendant</u>;

e.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against <u>each and every Defendant</u>;

f.   Awarding Plaintiff such other and further relief as the Court may deem just and proper, against <u>each and every Defendant</u>.

<u>COUNT V</u>

**VIOLATION OF THE RFDCPA**

**WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC, MIDLAND FUNDING, LLC, AND ENCORE CAPITAL GROUP INC**

98. Plaintiff repeats and re-alleges each and every allegation stated above.

99. In their attempts to collect an alleged debt from and engaging in "communications" with Plaintiff, Defendants, MCM and Midland, have demonstrated willful and/or knowing noncompliance with RFDCPA 1788.17 by:

a.   Reporting an alleged debt as a "debt collector" to a consumer reporting agency generated a "communication" in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692e(8).

b.   Failing to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

c.  Failing to include the required "Thirty Day Validation Notice" or disclosures to Plaintiff in MCM's April 30, 2013 dunning letter, which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

d.  Making false representation to the three consumer reporting agencies—Equifax, Experian and TransUnion—on multiple occasions as to the character, amount and/or legal status of an alleged debt which results in violations of the FDCPA, 15 U.S.C. § 1692e(2).

e.  Using false representations and/or deceptive means to collect a debt and/or obtain information about the Plaintiff in violation of 15 U.S.C. § 1692e(10).

f.  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt which results in violations of the FDCPA, 15 U.S.C. § 1692d.

100.    By its own admission on its website, Encore provides management and decision-making for Defendants MCM and Midland.

101.    Encore is therefore, complicit in each of the above RFDCPA violations by and in direct consequence to its decisions to allow MCM and Midland to commit said violations.

102. Both Defendants, MCM and Midland, had a duty to properly ascertain if there was any legitimate debt owed before attempting to collect a debt from Plaintiff, and both Defendants breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against each and every Defendant, MIDLAND CREDIT MANAGEMENT, INC, MIDLAND FUNDING, LLC, AND ENCORE CAPITAL GROUP INC, as follows:

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

a.  Adjudging that <u>each and every Defendant</u> violated the RFDCPA.

b.  Awarding Plaintiff statutory damages of $1,000, pursuant to the RFDCPA 1788.30, against <u>each and every Defendant</u>;

c.  Awarding Plaintiff actual damages, against <u>each and every Defendant</u>;

d.  Awarding Plaintiff any attorney's fees and costs incurred in this action, against <u>each and every Defendant</u>;

e.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against <u>each and every Defendant</u>;

f.  Awarding Plaintiff such other and further relief as the Court may deem just and proper, against <u>each and every Defendant</u>.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: November 12, 2013

Respectfully Submitted,

Timothy L. Salmas
12823 Maxwell Dr
Tustin, CA 92782

Case #: SACV13-00761-JVS-JPR
First Amended Complaint

1

**CERTIFICATE OF SERVICE`**

2   I, Jonathan R. Mahlow, declare as follows.  I am over the age of 18 years.  My address is:

3
4
14162 Holt Ave
Santa Ana, CA 92705

5   On October 24, 2013, I served the foregoing document described as:

6   -   First Amended Complaint;

7   On all interested parties in this action by placing a true and correct copy thereof in a sealed

8
9
envelope, with first-class postage prepaid thereon, using USPS, and deposited said envelope in the

10   United States mail in Tustin, CA, addressed to:

11
12
13
Keith Yeomans and Martin Schannong
Carlson and Messer LLP
5959 West Century Boulevard Suite 1214
Los Angeles, CA 90045

14   I declare under penalty of perjury that the foregoing is true and correct.

15   Executed on November 12, 2013 at Tustin, CA.

16
17
18
19                              Jonathan R. Mahlow
20
21
22
23
24
25
26
27
28