David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Martin Schannong (SBN 243297)
schannongm@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
MIDLAND FUNDING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. SALMAS,<br><br>            Plaintiff,<br><br>      vs.<br><br>MIDLAND FUNDING, LLC,<br><br>            Defendant. | CASE NO. 8:13-CV-00679-DOC-SH<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant MIDLAND FUNDING, LLC ("Defendant") hereby answers the First Amended Complaint of Plaintiff TIMOTHY L. SALMAS ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

1.  Defendant admits that Plaintiff has brought an action for alleged violations of the FCRA, FDCPA, RFDCPA and CCRAA. Defendant denies that Plaintiff's allegations have any merit.

/ / /

## JURISDICTION

2. Defendant denies the allegations in Paragraph 2 of Plaintiff's First Amended Complaint, as they lack foundation and constitute legal conclusions.

## VENUE

3. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 3 of Plaintiff's First Amended Complaint, which also lack foundation and constitute legal conclusions.

## PARTIES

4. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 4 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

5. The allegations in Paragraph 5 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required. To the extent said allegations require a response by Defendant, Defendant denies them as they lack foundation and constitute legal conclusions.

6. The allegations in Paragraph 5 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required. To the extent said allegations require a response by Defendant, Defendant denies them as they lack foundation and constitute legal conclusions.

7. Defendant admits that it is a Delaware limited liability company with a principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. Defendant denies the remaining allegations in Paragraph 7 of Plaintiff's First Amended Complaint, which also lack foundation and constitute legal conclusions.

8. Defendant admits that MCM, Midland and Encore are separate entities. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 8 of Plaintiff's First Amended Complaint.

///

9. Paragraph 9 of Plaintiff's First Amended Complaint does not contain any affirmative allegations against Defendant. To the extent said Paragraph is deemed to contain any affirmative allegations against Defendant, Defendant lacks sufficient knowledge to admit or deny them.

## GENERAL ALLEGATIONS

10. Defendant admits that Equifax is generally considered a "consumer reporting agency" within the meaning of the FCRA, and a "consumer credit reporting agency" within the meaning of the CCRAA.

11. Defendant admits that Experian is generally considered a "consumer reporting agency" within the meaning of the FCRA, and a "consumer credit reporting agency" within the meaning of the CCRAA.

12. Defendant admits that Trans Union is generally considered a "consumer reporting agency" within the meaning of the FCRA, and a "consumer credit reporting agency" within the meaning of the CCRAA.

13. Paragraph 13 of Plaintiff's First Amended Complaint does not contain any affirmative allegations against Defendant. To the extent said Paragraph is deemed to contain any affirmative allegations against Defendant, Defendant alleges that said allegations constitute legal conclusions to which no response is required.

14. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 14 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

15. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 15 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

///

17. The allegations in Paragraph 17 of Plaintiff's First Amended Complaint are not directed at Defendant and constitute legal conclusions, and therefore, no response is required. To the extent said allegations require a response by Defendant, Defendant lacks sufficient knowledge to admit or deny them.

18. The allegations in Paragraph 18 of Plaintiff's First Amended Complaint are not directed at Defendant and constitute legal conclusions, and therefore, no response is required. To the extent said allegations require a response by Defendant, Defendant lacks sufficient knowledge to admit or deny them.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant lacks sufficient knowledge to admit or deny them.

20. Defendant denies that any violation of the FCRA occurred. Defendant lacks sufficient knowledge to respond to the remaining allegations in Paragraph 20 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

21. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 21 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

22. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 22 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

23. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 23 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

24. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 24 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

25. Defendant admits that Plaintiff's credit report is accurate. Defendant denies the remaining allegations in Paragraph 25 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

26. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 26 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

27. The allegations in Paragraph 27 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required. To the extent said allegations require a response by Defendant, Defendant alleges that it lacks sufficient knowledge to respond to the allegations, and that any document referenced in said paragraph may speak for itself.

28. The allegations in Paragraph 28 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required. To the extent said allegations require a response by Defendant, Defendant alleges that it lacks sufficient knowledge to respond to the allegations, and that any document referenced in said paragraph may speak for itself.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them.

30. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 30 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous. To the extent said allegations pertain to the contents of documents, Defendant alleges that the documents may speak for themselves.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

36. Defendant denies the allegations in Paragraph 36 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

38. The allegations in Paragraph 38 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required. To the extent said allegations require a response by Defendant, Defendant denies them.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by

Defendant, Defendant denies them. Said allegations also lack foundation and are vague and ambiguous.

41. The allegations in Paragraph 41 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required. To the extent said allegations require a response by Defendant, Defendant alleges that it lacks sufficient knowledge to respond to the allegations, and that any webpages referenced in said paragraph may speak for themselves.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

43. Defendant denies the allegations in Paragraph 43 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

44. Defendant denies the allegations in Paragraph 44 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

45. Defendant denies the allegations in Paragraph 45 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

46. Defendant denies the allegations in Paragraph 46 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

47. Defendant denies the allegations in Paragraph 47 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

48. Defendant denies the allegations in Paragraph 48 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

49. Defendant denies the allegations in Paragraph 49 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them, as they lack foundation, are vague and ambiguous, and constitute legal conclusions.

50. Paragraph 50 of Plaintiff's First Amended Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is

deemed to contain any affirmative allegations against Defendant, Defendant denies them. Said allegations also lack foundation and constitute legal conclusions.

51. Defendant denies the allegations in Paragraph 51 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

52. Paragraph 52 of Plaintiff's First Amended Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant alleges that said allegations lack foundation and constitute legal conclusions to which no response is required.

53. Defendant denies the allegations in Paragraph 53 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

54. Paragraph 54 of Plaintiff's First Amended Complaint is vague and ambiguous as to whether it contains any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

55. Defendant denies the allegations in Paragraph 55 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

56. Paragraph 56 of Plaintiff's First Amended Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant alleges that said allegations constitute legal conclusions to which no response is required.

57. Defendant denies the allegations in Paragraph 57 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

## COUNT I

58. The allegations in Paragraph 58 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

59. The allegations in Paragraph 59 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

60. The allegations in Paragraph 60 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

61. The allegations in Paragraph 61 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

62. The allegations in Paragraph 62 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

63. The allegations in Paragraph 63 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

64. The allegations in Paragraph 64 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

65. The allegations in Paragraph 65 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

66. The allegations in Paragraph 66 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

67. The allegations in Paragraph 67 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

68. The allegations in Paragraph 68 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

69. The allegations in Paragraph 69 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

## COUNT II

70. Defendant incorporates by reference its responses to Plaintiff's First Amended Complaint, as set forth in Paragraphs 1 through 69 above.

71. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 71 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

72. Defendant denies the allegations in Paragraph 72 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

73. Defendant denies the allegations in Paragraph 73 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

74. Defendant denies the allegations in Paragraph 74 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

75. Defendant denies the allegations in Paragraph 75 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

76. Defendant denies reporting any false information. Defendant further denies the remaining allegations in Paragraph 76 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

77. Defendant denies the allegations in Paragraph 77 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions. Defendant further denies that Plaintiff is entitled to the relief requested in the prayer within said paragraph.

## COUNT III

78. The allegations in Paragraph 78 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

79. The allegations in Paragraph 79 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

///

80. The allegations in Paragraph 80 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

81. The allegations in Paragraph 81 of Plaintiff's First Amended Complaint are not directed at Defendant, and therefore, no response is required.

## COUNT IV

82. Defendant incorporates by reference its responses to Plaintiff's First Amended Complaint, as set forth in Paragraphs 1 through 81 above.

83. Defendant denies the allegations in Paragraph 83 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions.

84. Defendant denies the allegations in Paragraph 84 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

85. Defendant denies the allegations in Paragraph 85 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions.

86. Defendant denies the allegations in Paragraph 86 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

87. Defendant denies the allegations in Paragraph 87 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them, and alleges that any document referenced in

said paragraph may speak for itself. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions.

88. Defendant denies the allegations in Paragraph 88 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions.

89. Defendant denies the allegations in Paragraph 89 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions.

90. The allegations in Paragraph 90 of Plaintiff's First Amended Complaint are not directed at Defendant. To the extent the allegations in said paragraph require a response by Defendant, Defendant lacks sufficient knowledge to respond and alleges that any webpages referenced in said paragraph may speak for themselves.

91. Defendant denies the allegations in Paragraph 91 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions.

92. Defendant denies the allegations in Paragraph 92 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions.

///

93. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 93 of Plaintiff's First Amended Complaint, which also lack foundation and are vague and ambiguous.

94. Defendant denies the allegations in Paragraph 94 of Plaintiff's First Amended Complaint.

95. Defendant denies the allegations in Paragraph 95 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

96. Paragraph 96 of Plaintiff's First Amended Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant alleges that said allegations constitute legal conclusions to which no response is required.

97. Defendant denies the allegations in Paragraph 97 of Plaintiff's First Amended Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions. Defendant further denies that Plaintiff is entitled to the relief requested in the prayer within said paragraph.

## COUNT V

98. Defendant incorporates by reference its responses to Plaintiff's First Amended Complaint, as set forth in Paragraphs 1 through 97 above.

99. Defendant denies the allegations in Paragraph 99 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions.

100. The allegations in Paragraph 100 of Plaintiff's First Amended Complaint are not directed at Defendant. To the extent the allegations in said paragraph require a response by Defendant, Defendant lacks sufficient knowledge

to respond and alleges that any webpages referenced in said paragraph may speak for themselves.

101. Defendant denies the allegations in Paragraph 101 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions.

102. Defendant denies the allegations in Paragraph 102 of Plaintiff's First Amended Complaint to the extent said allegations are directed at Defendant. To the extent the remaining allegations in said paragraph require a response by Defendant, Defendant denies them. Said allegations also lack foundation, are vague and ambiguous, and constitute legal conclusions. Defendant further denies that Plaintiff is entitled to the relief requested in the prayer within said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's First Amended Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute or statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any statutes, including the provisions of the FCRA, FDCPA, RFDCPA and CCRAA.

### FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that at all times mentioned in the First Amended Complaint, Defendant acted lawfully and within

its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent no private right of action exists under the FCRA and/or CCRAA.

## SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that alleged mental anguish alone does not support damages under the FCRA and/or CCRAA.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent he lacks standing to assert them.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if it is assumed that Defendant obtained Plaintiff's credit report, Defendant had a permissible purpose to do so.

## NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff and/or third parties, if any there were.

///

///

///

## TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by statute.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if it is assumed, arguendo, that Defendant violated a statute as alleged in Plaintiff's First Amended Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred as Defendant complied with all of the obligations, if any, required under the FCRA, FDCPA, RFDCPA and CCRAA.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges the First Amended Complaint fails to state a claim supporting an award of reasonable attorney's fees.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff has brought this action against Defendant in bad faith, and Defendant is therefore entitled to recover its reasonable expenses incurred herein, including attorneys' fees and litigation costs.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it is not a debt collector.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the CCRAA does not apply to Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that some or all of Plaintiff's state law claims are preempted by federal law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

WHEREFORE, Defendant prays that Plaintiff's First Amended Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

DATED: November 27, 2013      CARLSON & MESSER LLP

                              By:  s/David J. Kaminski
                                   David J. Kaminski
                                   Martin Schannong
                                   Attorneys for Defendant
                                   MIDLAND FUNDING, LLC