David J. Kaminski (SBN: 128509)
KaminskiD@cmtlaw.com
Keith A. Yeomans (SBN: 245600)
YeomansK@cmtlaw.com
**CARLSON & MESSER LLP**
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

*Attorneys for Defendant*
*Midland Funding, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy L. Salmas,<br><br>           Plaintiff,<br><br>     vs.<br><br>Midland Credit Management, Inc.,<br>Midland Funding, LLC, and<br>Encore Capital Management, Inc.,<br><br>           Defendants. | Case No. **8:13-cv-00679-DOC-SH**<br><br>**DEFENDANT MIDLAND FUNDING,<br>LLC'S MEMORANDUM OF<br>CONTENTIONS OF FACT AND LAW**<br><br>Final Pre-Trial Conference:<br>Judge:   Hon. David O. Carter<br>Room:   9-D<br>Date:     March 10, 2014<br>Time:     8:30 a.m.<br><br>Complaint filed April 30, 2013<br>Trial set for April 1, 2014 |

Defendant Midland Funding, LLC ("Midland") submits the following memorandum of contentions of fact and law:

\\\

\\\

\\\

## MEMORANDUM OF CONTENTIONS OF FACT AND LAW

### I.   SUMMARY OF PLAINTIFF'S CLAIMS AGAINST MIDLAND

Claim 1 – Midland violated 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA").

Claim 2 – Midland violated Cal. Civ. Code § 1785.25(a) of the Consumer Credit Reporting Agencies Act ("CCRAA").

Claim 3 – Midland violated Cal. Civ. Code § 1785.25(b) of the CCRAA.

Claim 4 – Midland violated 15 U.S.C. §1692e(8) of the Fair Debt Collection Practices Act ("FDCPA").

Claim 5 - Midland violated 15 U.S.C. §1692g(a) of the FDCPA.

Claim 6 - Midland violated 15 U.S.C. §1692e(2) of the FDCPA.

Claim 7 - Midland violated 15 U.S.C. §1692e(10) of the FDCPA.

Claim 8 - Midland violated 15 U.S.C. §1692d of the FDCPA.

Claim 9 - Midland violated Cal. Civ. Code § 1788.17 of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").

### II.   ELEMENTS OF PLAINTIFF'S CLAIMS AGAINST MIDLAND

#### A.   Claim 1 – Midland violated 15 U.S.C. § 1681s-2(b) of the FCRA.

"After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person

furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USCS § 1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information." *See*, 15 U.S.C. § 1681s-2(b).

"Any person who willfully fails to comply with any requirement imposed under this title [15 USCS §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of--

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." *See*, 15 U.S.C. § 1681n(a).

"Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." *See*, 15 U.S.C. § 1681n(c).

"Any person who is negligent in failing to comply with any requirement imposed under this title [15 USCS §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of--

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." *See*, 15 U.S.C. § 1681o(a).

"On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." *See*, 15 U.S.C. § 1681o(b).

**B.     Claim 2 – Midland violated Cal. Civ. Code § 1785.25(a) of the CCRAA.**

"A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." *See*, Cal. Civ. Code § 1785.25(a).

"Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:

(1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.

(2) In the case of a willful violation: (A) Actual damages as set forth in paragraph (1) above; (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper; (C) Any other relief that the court deems proper." *See*, Cal. Civ. Code § 1785.31(a).

### C.    Claim 3 – Midland violated Cal. Civ. Code § 1785.25(b) of the CCRAA.

"A person who (1) in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the person's own transactions or experiences with one or more consumers and (2) determines that information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate, shall promptly notify the consumer credit reporting agency of that determination and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate." *See*, Cal. Civ. Code § 1785.25(b).

"Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:

(1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.

(2) In the case of a willful violation: (A) Actual damages as set forth in paragraph (1) above; (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper; (C) Any other relief that the court deems proper." *See*, Cal. Civ. Code § 1785.31(a).

### D.    Claim 4 – Midland violated 15 U.S.C. §1692e(8) of the FDCPA.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *See*, 15 U.S.C. § 1692e(8).

"The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *See*, 15 U.S.C. § 1692a(5).

"Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable to such person in an amount equal to the sum of--

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the

defendant attorney's fees reasonable in relation to the work expended and costs." *See*, 15 U.S.C. § 1692k(a).

### E.   Claim 5 – Midland violated 15 U.S.C. §1692g(a) of the FDCPA.

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." *See*, 15 U.S.C. § 1692g(a).

"The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *See*, 15 U.S.C. § 1692a(5).

1   "Except as otherwise provided by this section, any debt collector who fails

2   to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect

3   to any person is liable to such person in an amount equal to the sum of--

4   (1) any actual damage sustained by such person as a result of such failure;

5   (2) (A) in the case of any action by an individual, such additional damages as

6   the court may allow, but not exceeding $ 1,000; or

7   (B) in the case of a class action, (i) such amount for each named plaintiff as

8   could be recovered under subparagraph (A), and (ii) such amount as the court

9   may allow for all other class members, without regard to a minimum individual

10   recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth

11   of the debt collector; and

12   (3) in the case of any successful action to enforce the foregoing liability, the

13   costs of the action, together with a reasonable attorney's fee as determined by the

14   court. On a finding by the court that an action under this section was brought in

15   bad faith and for the purpose of harassment, the court may award to the

16   defendant attorney's fees reasonable in relation to the work expended and costs."

17   *See*, 15 U.S.C. § 1692k(a).

18   **F.    Claim 6 – Midland violated 15 U.S.C. §1692e(2) of the FDCPA.**

19   "A debt collector may not use any false, deceptive, or misleading

20   representation or means in connection with the collection of any debt. Without

21   limiting the general application of the foregoing, the following conduct is a

22   violation of this section:...(2) The false representation of--

23   (A) the character, amount, or legal status of any debt; or

24   (B) any services rendered or compensation which may be lawfully received

25   by any debt collector for the collection of a debt."  *See*, 15 U.S.C. § 1692e(2).

26   "The term 'debt' means any obligation or alleged obligation of a consumer

27   to pay money arising out of a transaction in which the money, property,

28   insurance, or services which are the subject of the transaction are primarily for

personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *See*, 15 U.S.C. § 1692a(5).

"Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable to such person in an amount equal to the sum of--

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *See*, 15 U.S.C. § 1692k(a).

**G.   Claim 7 – Midland violated 15 U.S.C. §1692e(10) of the FDCPA.**

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:... (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See*, 15 U.S.C. § 1692e(10).

"The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property,

insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *See*, 15 U.S.C. § 1692a(5).

"Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable to such person in an amount equal to the sum of--

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *See*, 15 U.S.C. § 1692k(a).

**H.   Claim 8 – Midland violated 15 U.S.C. §1692d of the FDCPA.**

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3) [604(a)(3)] of this Act [15 USCS § 1681a(f) or 1681b(a)(3)].

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804 [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity." *See*, 15 U.S.C. § 1692d.

"The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *See*, 15 U.S.C. § 1692a(5).

"Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable to such person in an amount equal to the sum of--

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual

recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *See*, 15 U.S.C. § 1692k(a).

## I.      Claim 9 – Midland violated Cal. Civ. Code § 1788.17 of the Rosenthal Act.

"Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal." *See*, Cal. Civ. Code § 1788.17.

"Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation." *See*, Cal. Civ. Code § 1788.30(a).

"Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred

dollars ($100) nor greater than one thousand dollars ($1,000)." *See*, Cal. Civ. Code § 1788.30(b).

"In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor; reasonable attorney's fees may be awarded to a prevailing creditor upon a finding by the court that the debtor's prosecution or defense of the action was not in good faith." *See*, Cal. Civ. Code § 1788.30(c).

## III.   Key Evidence in Opposition to Plaintiff's Claims

### A.   Claim 1 – Midland violated 15 U.S.C. § 1681s-2(b) of the FCRA.

1. Plaintiff's testimony.
2. John Moreno's testimony.
3. Trial Exhibit 1
4. Trial Exhibit 2
5. Trial Exhibit 4
6. Trial Exhibit 5
7. Trial Exhibit 6
8. Trial Exhibit 7

### B.   Claim 2 – Midland violated Cal. Civ. Code § 1785.25(a) of the CCRAA.

1. Plaintiff's testimony.
2. John Moreno's testimony.
3. Trial Exhibit 1
4. Trial Exhibit 2
5. Trial Exhibit 4
6. Trial Exhibit 5
7. Trial Exhibit 6

8.    Trial Exhibit 7

**C.    Claim 3 – Midland violated Cal. Civ. Code § 1785.25(b) of the CCRAA.**

1.    Plaintiff's testimony.

2.    John Moreno's testimony.

3.    Trial Exhibit 1

4.    Trial Exhibit 2

5    Trial Exhibit 4

6.    Trial Exhibit 5

7.    Trial Exhibit 6

8.    Trial Exhibit 7

**D.    Claim 4 – Midland violated 15 U.S.C. §1692e(8) of the FDCPA.**

1.    Plaintiff's testimony.

2.    John Moreno's testimony.

3.    Trial Exhibit 1

4.    Trial Exhibit 2

5    Trial Exhibit 4

6.    Trial Exhibit 5

7.    Trial Exhibit 6

8.    Trial Exhibit 7

**E.    Claim 5 - Midland violated 15 U.S.C. §1692g(a) of the FDCPA.**

1.    Plaintiff's testimony.

2.    John Moreno's testimony.

3.    Trial Exhibit 1

4.    Trial Exhibit 2

5    Trial Exhibit 4

6.    Trial Exhibit 5

7.    Trial Exhibit 6

8.      Trial Exhibit 7

**F.      Claim 6 - Midland violated 15 U.S.C. §1692e(2) of the FDCPA.**

1.      Plaintiff's testimony.

2.      John Moreno's testimony.

3.      Trial Exhibit 1

4.      Trial Exhibit 2

5       Trial Exhibit 4

6.      Trial Exhibit 5

7.      Trial Exhibit 6

8.      Trial Exhibit 7

**G.      Claim 7 - Midland violated 15 U.S.C. §1692e(10) of the FDCPA.**

1.      Plaintiff's testimony.

2.      John Moreno's testimony.

3.      Trial Exhibit 1

4.      Trial Exhibit 2

5       Trial Exhibit 4

6.      Trial Exhibit 5

7.      Trial Exhibit 6

8.      Trial Exhibit 7

**H.      Claim 8 - Midland violated 15 U.S.C. §1692d of the FDCPA.**

1.      Plaintiff's testimony.

2.      John Moreno's testimony.

3.      Trial Exhibit 1

4.      Trial Exhibit 2

5       Trial Exhibit 4

6.      Trial Exhibit 5

7.      Trial Exhibit 6

8.      Trial Exhibit 7

**I.     Claim 9 - Midland violated Cal. Civ. Code § 1788.17 of the Rosenthal Act.**

    1.    Plaintiff's testimony.

    2.    John Moreno's testimony.

    3.    Trial Exhibit 1

    4.    Trial Exhibit 2

    5    Trial Exhibit 4

    6.    Trial Exhibit 5

    7.    Trial Exhibit 6

    8.    Trial Exhibit 7

**IV.   SUMMARY OF DEFENDANT'S AFFIRMATIVE DEFENSES**

    **A.**    The FCRA preempts Plaintiff's claim for violation of Cal. Civ. Code § 1785.25(b) of the CCRAA.

    **B.**    The FCRA preempts Plaintiff's claim for violation of Cal. Civ. Code § 1788.17 of the Rosenthal Act.

    **C.**    Midland's violations of the FDCPA, if any, bona fide errors.

    **D.**    Midland's violations of the Rosenthal, if any, bona fide errors.

**V.    ELEMENTS OF DEFENDANT'S AFFIRMATIVE DEFENSES**

    **A.     The FCRA preempts Plaintiff's claim for violation of Cal. Civ. Code § 1785.25(b) of the CCRAA.**

"No requirement or prohibition may be imposed under the laws of any State...with respect to any subject matter regulated under...section 623 [15 USCS § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply...with respect to section 1785.25(a) of the California Civil Code (as in effect on the

date of enactment of the Consumer Credit Reporting Reform Act of 1996 [enacted Sept. 30, 1996])." *See*, 15 U.S.C. § 1681t(b)(1)(F).

**B.     The FCRA preempts Plaintiff's claim for violation of Cal. Civ. Code § 1788.17 of the Rosenthal Act.**

"No requirement or prohibition may be imposed under the laws of any State...with respect to any subject matter regulated under...section 623 [15 USCS § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply...with respect to section 1785.25(a) of the California Civil Code (as in effect on the date of enactment of the Consumer Credit Reporting Reform Act of 1996 [enacted Sept. 30, 1996])." *See*, 15 U.S.C. § 1681t(b)(1)(F).

**C.     Midland's violations of the FDCPA, if any, bona fide errors.**

"A debt collector may not be held liable in any action brought under this title [15 USCS §§ 1692 et seq.] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *See*, 15 U.S.C. § 1692k(c).

**D.     Midland's violations of the Rosenthal, if any, bona fide errors.**

"A debt collector shall have no civil liability to which such debt collector might otherwise be subject for a violation of this title, if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation." See, Cal. Civ. Code § 1788.30(e).

\\\
\\\
\\\
\\\
\\\

## VI.   KEY EVIDENCE IN SUPPORT OF DEFENDANT'S AFFIRMATIVE DEFENSES

**A.**   **The FCRA preempts Plaintiff's claim for violation of Cal. Civ. Code § 1785.25(b) of the CCRAA.**

*Question of law only.*

**B.**   **The FCRA preempts Plaintiff's claim for violation of Cal. Civ. Code § 1788.17 of the Rosenthal Act.**

*Question of law only.*

**C.**   **Midland's violations of the FDCPA, if any, bona fide errors.**

   1.   Testimony of John Moreno.

**D.**   **Midland's violations of the Rosenthal, if any, bona fide errors.**

   1.   Testimony of John Moreno.

## VII.   ANTICIPATED EVIDENTIARY ISSUES

**A.**   Plaintiff failed to identify any documents in his FRCP 26(a)(1) disclosures and should be precluded from relying on any documentary evidence at trial pursuant to FRCP 37(c)(1).

**B.**   Plaintiff failed to respond to Midland's written discovery, including requests for admission.  Those requests for admission are deemed admitted pursuant to FRCP 36(a).  As a practical matter, this is fatal to Plaintiff's claims.

## VIII. MATERIAL ISSUES OF LAW

**A.**   Whether the FCRA expressly preempts Plaintiff's state law claims. The FCRA expressly preempts all state law claims "with respect to any subject matter regulated under…section 1681s-2 [§ 623] of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  15 U.S.C. § 1681t(b)(F).  This provision preempts Plaintiff's credit reporting claims arising under Cal. Civ. Code §§ 1785.25(b) and 1788.17 when

the claims arise from credit reporting. *Rex v. Chase Home Fin. LLC*, SACV 12-0609, 2012 U.S. Dist. LEXIS 165854 (C.D. Cal. Nov. 19, 2012).

**B.** Whether Plaintiff can state a claim under either the FDCPA or the Rosenthal Act when he denies any knowledge of the underlying account. Where a party fails to set forth sufficient evidence that the underlying debt arose from personal, family, or household purposes, a claim under the FDCPA cannot be stated. *Toroussian*, 2013 U.S. Dist. LEXIS 145007, *18-20; see also, *Anderson v. AFNI, Inc.*, No. 10-4064, 2011 U.S. Dist. LEXIS 51368, *35-39 (E.D. Pa. May 11, 2011) (a victim of identity theft lacked information about the underlying debt and could not establish that the fraudulent debt was subject to the FDCPA).

Dated February 11, 2014,

_____/s/ Keith A. Yeomans_____

David J. Kaminski
Keith A. Yeomans
**CARLSON & MESSER LLP**

*Attorneys for Defendant*
*Midland Funding, LLC*

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                                   )   ss.
COUNTY OF LOS ANGELES  )

        I am employed in the County of Los Angeles, State of California.

        I am over the age of eighteen years and not a party to the within action.  My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA  90045.

        On **February 14, 2014,** I served the foregoing document(s) described as: **DEFENDANT MIDLAND FUNDING, LLC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**[X]**    **BY MAIL**:  I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP.  I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

**[]**    **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[]**    **VIA NEXT DAY FEDERAL EXPRESS**
I delivered the above described documents in the above described envelopes to Federal Express for delivery via FedEx next business afternoon.

**[ ]**    **BY FACSIMILE** - I transmitted via telecopier machine such document to the offices of the addressees.

**[]**    **(STATE)** -I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[X]**    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **14th** day of **February, 2014** at Los Angeles, California.

Linda Brooks

1
PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>SERVICE LIST</u>**
**<u>Timothy Salmas v. Midland Funding, LLC</u>**
**File No.: 07500.00**

Timothy L. Salmas                    **PLAINTIFF IN PRO SE**
12823 Maxwell Dr.
Tustin, California 92782

PROOF OF SERVICE