Timothy L. Salmas
12823 Maxwell Dr
Tustin, CA 92782

FILED
2014 FEB 18  PM 3:20
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
SANTA ANA
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| Timothy L. Salmas, | Case No.: **SACV13-00679 DOC (SHx)** |
|---|---|
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION** |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC; MIDLAND FUNDING, LLC; ENCORE CAPITAL MANAGEMENT, INC, | Judge: Hon. David O. Carter<br>Room: 9-D<br>Date: March 3, 2014<br>Time: 8:30am |
| Defendant. | |

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, Timothy L. Salmas asks the court to deny defendant's Motion for Summary Judgment or Adjudication and states as follows:

///

///

///

## I. STATEMENT OF FACTS

1. Plaintiff Timothy L. Salmas (hereinafter "Plaintiff" or "Salmas") found reported accounts on each of his consumer reports that were reported in the name of "Midland Funding LLC" with an account number of 854273* (See **"Exhibits A, B, C"**).

2. Plaintiff has never had an account with Midland Funding, LLC and has disputed the accuracy and existence of this alleged account with each of the consumer reporting agencies (See **"Exhibits D, E, F"**).

3. Plaintiff received responses back from each of the consumer reporting agencies (hereinafter "CRAs") indicating the Midland Funding LLC account had been "verified" as belonging to Plaintiff (See **"Exhibits G, H, I"**).

4. Plaintiff also received separate responses from each of the CRAs describing their investigation process for disputes (See **"Exhibits J, K, L"**)[1].

5. Subsequent to Plaintiff's dispute with the CRAs, Plaintiff received a letter directly from MCM, dated 4/30/2013, indicating that they have determined the reporting is "accurate" (See **"Exhibit M"**)[2]. This collection letter then <u>clearly states</u> **"Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose."** This was Plaintiff's <u>first</u> written communication from MCM (**SGD ¶ 5**). Nowhere in this letter from MCM was there any mention of what the dispute in question is relating to, nor is there any mention of MCM's connection or relationship with "Midland Funding, LLC".

---

[1] In short, the CRA sends notification to the respective Furnisher of Information (in this case, Midland Funding, LLC), for the Furnisher to conduct an investigation in accordance with the FCRA 15 U.S.C. § 1681s-2(b), and report the results to the CRA. This dispute process is also outlined in the FCRA 15 U.S.C. § 1681i(a)(2).

[2] Plaintiff has disputed an account reported to each CRA in the name of "Midland Funding LLC". The letter in **Exhibit M** came from MCM—not Midland Funding, LLC. This was Plaintiff's first clue of misrepresentation of an alleged debt.

6. Attached to MCM's 4/30/2013 collection letter was what appeared to be an unverified, unauthenticated, generic letter labeled as "T-Mobile West Corporation Customer Account Information" that anyone with even the most basic skills can create in minutes using a word processing program.

7. Plaintiff sent a letter to MCM dated May 4, 2013, in response to MCM's 4/30/2013 letter <u>clearly</u> stating "I dispute the alleged debt in its entirety." (See **"Exhibit N"**). Plaintiff also indicates that MCM's 4/30/2013 letter does not constitute legal and proper validation of this alleged debt as there is no contract showing Plaintiff's obligation, no general ledger or accounting, and no information supplied by someone identified as the person who created and maintains those records. Plaintiff requested such proper validation of this alleged debt, yet received no response from MCM.

8. Defendant, Midland Funding, LLC makes claims that Midland Credit Management, Inc. is the "account servicer" for Midland Funding, LLC (See **Moreno Declaration, ¶ 11**), yet no such evidence has been presented before the court indicating this to be the case.

9. Defendant Midland Funding, LLC makes claim that Midland Credit Management, Inc. had been reporting account information to the CRAs in Midland Funding, LLC's name (See **Moreno Declaration, ¶ 13**). No evidence has been presented before the court indicating that Defendant Midland Credit Management, Inc. had, and continues to have, the authority to report alleged accounts in the name of "Midland Funding LLC" to each of the CRAs. If this is the case, this would be a clear violation of the FDCPA 15 U.S.C. § 1692e(10), (14)[3].

//

---

[3] **15 U.S.C. § 1692e(10)** "<u>The use of any false representation or deceptive means to collect or attempt to collect any debt</u> or to obtain information concerning a consumer."
**15 U.S.C. § 1692e(14)** "The use of any business, company, or organization name <u>other than the true name</u> of the debt collector's business, company, or organization."

## II. SUMMARY JUDGMENT STANDARD

10. Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. See Fed. R. Civ. P. 56(c); *Celotex Corp. v. Caltrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

11. A genuine issue of material fact exists only where the evidence would permit a reasonable finder of fact to return a verdict for the nonmoving party. *Caterpillar, Inc. v. Great Am. Ins. Co.*, 62 F.3d 955, 960 (7th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986))

12. Defendants cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of his claim. Rather, defendant must demonstrate an absence of genuine factual dispute. See *Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555. Only if Defendant meets their burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

13. In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nomnovant. *Garcia v. Pueblo Country Club*, 229 F.3d 1233, 1236-37 (10th Cir. 2002).

## III. ARGUMENTS AND AUTHORITIES

**Defendant, Midland Funding, LLC has not shown they have conducted a reasonable investigation under the FCRA.**

14. This case is mainly based on Midland Funding's willful and/or negligent failure to conduct a proper and reasonable reinvestigation under the FCRA. Defendant has not shown evidence of their reinvestigation, but banks on the presumption that "Plaintiff has no

evidence that Midland Funding conducted an unreasonable investigation in response to Plaintiff's dispute." (See **MSJ, pg. 4, lines 10-11**).

15. Each of the CRAs have provided documentation outlining their process with respect to the disputes made by Plaintiff (See **Exhibits J, K, L**).

16. Additionally, the FCRA, specifically under 15 U.S.C. § 1681i(a)(2) <u>requires</u> that CRAs "shall [within 5 business days from which a consumer reporting agency receives notice of a dispute from any consumer] provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller."

17. Midland Funding, LLC has not provided any evidence whatsoever as to what they did to conclude that the reported account was in fact "accurate", but they instead place liability on Midland Credit Management, Inc. claiming that as the account servicer for Midland Funding, LLC.

18. The only indication shown is a claim in MCM's 4/30/2013 letter stating "we have determined that our credit reporting of the above-referenced account is accurate".

//

**Defendant claims Plaintiff has no evidence that Midland Funding intentionally violated any duty to investigate Plaintiff's dispute.**

19. Plaintiff has provided sufficient claims to show doubt that Midland Funding, LLC has failed to conduct a reasonable investigation (**SGD** ¶¶ 1, 2, 4; **FAC** ¶¶ 32, 33, 34, 38, 39, 40, 44, 49, 50, 53)

20. Midland Funding, LLC has shown no evidence as to the procedures used, documents researched, people consulted, which employee(s) or departments had conducted an investigation, or any indication that Midland Funding, LLC had in fact, conducted an investigation at all.

21. In *Rosenberg v. Cavalry Investments, LLC*, 2005 WL 2490353, the court denies defendant's motion for summary judgment stating "Liability under the FCRA attaches for both negligent violations, which require a showing of actual damages, see 15 U.S.C. § 1681o, and willful violations, for which statutory and punitive damages are available, see 15 U.S.C. § 1681n. Willful violations require 'conscious disregard' or 'deliberate and purposeful' conduct." (quoting from *Casella v. Equifax Credit Info Servs.*, 56 F.3d 469, 476 (2d Cir. 1995). "It is premature to conclude that any alleged failure to investigate was not willful. ('The defendant has not offered any evidence regarding what, if anything, it did to investigate the dispute.')"

22. Defendant's "intent" is to be left for a jury to decide.

### CCRAA and FCRA pre-emption.

23. In *Gorman v. Wolpoff & Abramson, LLP* 584 F. 3d 1147 - Court of Appeals, 9th Circuit 2009, the Ninth Circuit held that the FCRA does not preempt Civil Code § 1785.25(a) of the CCRAA, nor its private enforcement provisions under § 17856.25(g) and § 1785.31, finding "the likely purpose of the express exclusion was precisely to permit private enforcement of these provisions." Following the original *Gorman* decision, California's Second District Court of Appeal in *Sanai v. Saltz* also followed *Gorman*.

### Midland funding knowingly reported false information to the CRAs.

24. Defendant claims "Midland Funding had no reason to suspect the reported account information was inaccurate in any respect", however, Plaintiff (1) clearly disputed this reported account, which should raise suspect as to its accuracy, and (2) Midland Funding <u>knowingly and willfully</u> accepted terms of a purported "Bill of Sale" from T Mobile that <u>clearly states</u> that the agreement is made "**...without representations or warranties... of any type, kind, character or nature, express or implied...**". Midland Funding, LLC could not make a reasonable and proper reinvestigation of the reported "Midland Funding LLC" account if (1) their original source of information was provide "without representations or warranties... of any type, kind, character or nature, express or implied..." and (2) if Midland Funding, LLC has no employees to conduct a reinvestigate.

### Midland Funding was attempting to collect a "debt".

25. Under the FDCPA, the term "debt" means "**any** obligation or **alleged obligation of a consumer to pay money** arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added)

26. On each of the credit reports, Midland Funding, LLC is reporting a <u>debt</u> with an alleged balance of $933 (See **Exhibits A, B, C**). This information is also reported on a <u>consumer</u> credit report. The reported accounts also indicate the *type* of account is "individual".

27. Defendant attempts to escape liability by claiming "Plaintiff cannot demonstrate that the T Mobile account was used 'primarily for personal, family, or household purposes as a matter of law.' And by extension, Plaintiff cannot demonstrate that the debt itself is subject to the FDCPA." (See MSJ, pg. 8, lines 1-4)

28. Defendant continues to substitute the reported Midland Funding, LLC account by referencing it as "the T Mobile account". "Plaintiff adamantly insists that the T Mobile account did not belong to him and that he never had any business relationship with Midland Funding (SUF ¶ 11.)". SUF ¶ 11, uses the FAC ¶¶ 16 & 93-94 as supporting evidence, but those paragraphs <u>make no mention of T Mobile</u>.

29. Midland Funding, LLC continues to redirect the nature of this case to a T Mobile account when Plaintiff has made no such allegations or claims. This is but one of the numerous ways that debt collectors are deceptive and misrepresent a debt, which further reinforces Congress' position when it held that "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collector."[4]

30. T Mobile is not reporting an account on any of Plaintiff's credit reports (See Affidavit of Timothy L Salmas, ¶ 8)

**Midland Credit Management, Inc. did <u>not</u> send all disclosures required by the FDCPA.**

31. MCM sent their first letter to Plaintiff on or about April 30, 2013 (SGD ¶ 5)

32. Plaintiff disputed the alleged debt within 30 days of receiving MCM's April 30, 2013 collection letter (See **Exhibit N**).

33. Plaintiff has received no further communication from MCM since the April 30, 2013 collection letter (See **SGD ¶ 7**).

**Plaintiff has alleged enough facts to sufficiently support his claim for harassment.**

34. Plaintiff has alleged numerous times that Plaintiff not only failed to conduct a reasonable and proper reinvestigation of the disputed account, but Plaintiff has also alleged numerous times that Midland Funding, LLC has *continued* to damage his creditworthiness by

---

[4] FDCPA 15 U.S.C. § 1692(a)

reporting blatantly false information (See **FAC ¶ 51**). Additionally, Midland Funding, LLC and Midland Credit Management, Inc. have appeared to interchange roles with respect to who is collecting this debt—more specifically Midland Funding, LLC is reporting on Plaintiff's credit report while Midland Credit Management, Inc. has sent Plaintiff a collection letter and obtained his private consumer report. MCM has also sent what appears to be a basic drafted document with nothing more than unverified and unauthenticated claims of an alleged debt. As to the conclusion of whether this evidence constitutes harassment is for a jury to decide.

**The Declaration of John Moreno is unsubstantiated and insufficient as authority for evidence.**

35. John Moreno declares he is a "Process Analyst for Consumer Support Services at Midland Credit Management, Inc." and "authorized agent for Midland Funding, LLC.

   a. John Moreno does not state what his capacity is as "Process Analyst for Consumer Support Services", how long he has been employed at that position to be "familiar with the record keeping systems in place at Midland Credit Management, Inc. and Midland Funding, LLC", what training he has gone through, or how he became "authorized agent of Midland Funding, LLC".

36. John Moreno declares he has "reviewed Timothy L. Salmas's account records and [is] familiar with their contents." (Declaration, ¶ 7), yet John Moreno does not say how he reviewed these alleged account records, what the records consist of, and what his level of familiarity is "with their contents".

37. John Moreno declares that "On October 19, 2011, Midland Funding, LLC purchased a T Mobile account for Timothy L. Salmas" and "A true and correct copy of the Bill of Sale

and Assignment from T Mobile to Midland Funding, LLC is attached hereto" (Declaration ¶¶ 8 & 9).

   a. John Moreno does not indicate how he can testify to firsthand fact knowledge of a purchase of an alleged T Mobile account for Timothy L. Salmas.

   b. John Moreno does not indicate how he knows the attached Bill of Sale and Assignment is a true and correct copy.

   c. The attached Bill of Sale and Assignment make no mention whatsoever of "Timothy L. Salmas" or a "T Mobile account for Timothy L. Salmas".

      (1) Whatever that Bill of Sale is for, neither John Moreno nor Timothy L. Salmas appear to be a party to or affiliated with that Bill of Sale and Assignment.

38. John Moreno declares that "A true and correct copy of the electronic account information obtained from T Mobile for Timothy L. Salmas's account is attached hereto" (Declaration ¶ 10) yet John Moreno does not state who made that copy and how it is a true and correct copy.

39. John Moreno declares that "On October 27, 2011, Defendant Midland Credit Management, Inc., the account servicer for Midland Funding, LLC, sent a letter to Timothy L. Salmas." (Declaration ¶ 11)

   a. John Moreno does not provide documentation supporting the claim that "Midland Credit Management, Inc. is the account servicer for Midland Funding, LLC".

   b. John Moreno does not indicate who had sent a letter on October 27, 2011, how it was sent, and how John Moreno has firsthand fact knowledge of this information.

40. John Moreno declares under penalty of perjury that "A true and correct copy of the Bureau Reports by Reporting Date for the HSBC account is attached hereto" (Declaration ¶ 15).

a. First, Moreno states facts and events which he has not shown to have firsthand fact knowledge of, then declares that a true and correct copy for the **HSBC account** is attached.

b. This is the type of willful and/or negligent noncompliance Plaintiff is complaining of in this lawsuit. The repercussions of this type of noncompliance has cause Plaintiff much unnecessary damage. This is the very damage Congress sought to prevent when enacting the FCRA (See 1681).

41. John Moreno declares that "On April 23, 2013, Midland Credit Management, Inc. reported Timothy L. Salmas's account as 'disputed'".

   a. John Moreno does not mention how he has firsthand fact knowledge that MCM reported an account as disputed.

   b. John Moreno does not indicate how this account was reported as "disputed".

   c. John Moreno does not indicate who reported this account as "disputed".

   d. John Moreno does not indicate what has concluded MCM to report the account as "disputed".

## IV. <u>MIDLAND FUNDING, LLC IS NOT ENTITLED TO SUMMARY JUDGMENT OR SUMMARY ADJUDICATION</u>

42. There are numerous issues of material fact still at hand. Summary Judgment or Adjudication would be improper.

## V. <u>CONCLUSION</u>

43. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a

less stringent standard than formal pleadings drafted by an attorney and construe liberally. See *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

44. Plaintiff has written his complaint with sufficient particularity and details and the court must accept those well-pleaded facts as true and view them in the light most favorable to the Plaintiff and allow this cause of action to proceed to trial on the merits.

45. "The basic purpose of a trial is the determination of truth" *Tehan v. United States ex rel Shott*, 382 U.S. 406, 416 (1966).

**WHEREFORE**, Plaintiff respectfully requests that this honorable court consider the Defendant's submitted Declaration in which deficiencies abound, and deny Defendant's Motion to for Summary Judgment, and allow Plaintiff's claim to move forward to trial so that the merits of this case can be finally decided by a jury and allow justice to be served.

Dated: February 18, 2014

Respectfully Submitted,

Timothy L. Salmas
12823 Maxwell Dr
Tustin, CA 92782

**CERTIFICATE OF SERVICE**

I, Paul M. Salmas, declare as follows. I am over the age of 18 years. My address is:

12823 Maxwell Dr
Tustin, CA 92782

On February 18, 2014, I served the foregoing document described as:

- PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION;

On all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, using USPS, and deposited said envelope in the United States mail in Tustin, CA, addressed to:

Keith Yeomans
Carlson and Messer LLP
5959 West Century Boulevard Suite 1214
Los Angeles, CA 90045

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2014 at Tustin, CA.

Paul M. Salmas