1  David J. Kaminski (SBN: 128509)
   KaminskiD@cmtlaw.com
2  Keith A. Yeomans (SBN: 245600)
   YeomansK@cmtlaw.com
3  **CARLSON & MESSER LLP**
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  *Attorneys for Defendant*
   *Midland Funding, LLC*

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12

13 Timothy L. Salmas,                    | Case No. 8:13-cv-00679-DOC-SH

14         Plaintiff,

15     vs.                               | **DEFENDANT MIDLAND FUNDING, LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION, AGAINST PLAINTIFF TIMOTHY L. SALMAS**

16 Midland Credit Management, Inc.,
   Midland Funding, LLC, and
17 Encore Capital Management, Inc.,

18         Defendants.

19                                       | Judge:  Hon. David O. Carter
                                         | Room:   9-D
20                                       | Date:   March 3, 2014
                                         | Time:   8:30 am
21

22                                       | Complaint filed April 30, 2013
                                         | Trial set for April 29, 2014
23

24     Defendant Midland Funding, LLC (hereinafter, "Midland Funding"),

25 submits the following reply memorandum in support of its Motion for Summary

26 Judgment, or in the alternative, Summary Adjudication, against Plaintiff Timothy

27 L. Salmas (hereinafter "Plaintiff").

28

{00014656;1}

## REPLY MEMORANDUM

### 1. Plaintiff cannot establish that Midland Funding's account information is inaccurate.

Plaintiff alleges that Midland Funding reported an account on his credit report that did not belong to him. Midland Funding presented evidence that it purchased a T Mobile account in Plaintiff's name and reported it to the credit reporting agencies. Plaintiff testified that (1) he can't remember if he had a T Mobile account and (2) does not have any evidence as to whether Midland Funding did or did not purchase a T Mobile account in Plaintiff's name. Midland Funding cannot be liable for inaccurately reporting Plaintiff's account if Plaintiff cannot determine whether the account actually belongs to him.

#### a. Midland Funding has presented uncontroverted evidence that it purchased a T Mobile account in Plaintiff's name.

It is undisputed that Plaintiff never opened an account directly with Midland Funding. But Midland Funding has presented evidence that it purchased a T Mobile account in Plaintiff's name. (Defendant's Separate Statement of Undisputed Facts ("SUF") ¶ 1.)

Plaintiff blindly asserts that Midland Funding did not purchase the T Mobile account, citing only Midland Funding's own bill of sale as support. (Plaintiff's Statement of Genuine Dispute of Material Fact ("SGD") ¶ 2.) Plaintiff argues that Midland Funding's bill of sale does not specifically reference Plaintiff. (Opposition p. 10 ¶ 37(c).)

True. The bill of sale does not specifically reference Plaintiff. But as Plaintiff recognizes, Midland Funding "purchases *portfolios* of defaulted consumer receivables from major banks, credit unions, and utility providers and partners with individuals as they repay their obligations and work toward financial recovery." (First Amended Complaint, p. 10 ¶ 41 (emphasis added).) Plaintiff's name is not specifically identified on the bill of sale because it was

part of a portfolio of numerous, similar accounts. The account information for the purchased accounts are transferred electronically. (SUF ¶ 1.) But none of this affects the validity of the sale itself nor has Plaintiff attempted to show otherwise.

Midland Funding produced testimony that it purchased an account in Plaintiff's name from T Mobile on October 19, 2011. (SUF ¶ 1.) Midland Funding also produced the bill of sale and a printed copy of Plaintiff's electronic account information acquired in the purchase. (SUF ¶ 1.)

Plaintiff argues that the sale did not take place but has not offered *any* evidence supporting his claim.

### b. Plaintiff does not deny having a T Mobile account.

Plaintiff states that he never had an account with Midland Funding. (Affidavit of Timothy Salmas in Opposition to Motion for Summary Judgment ("Salmas Affidavit"), ¶¶ 1-2.) But Plaintiff *never* denies opening or having a T Mobile account. Plaintiff avoids any discussion of the T Mobile account that Midland Funding claims to have purchased. (See, Opposition p. 8 ¶¶ 28-29; Salmas Affidavit ¶12.) In his recent deposition[1], Plaintiff admits that he does not know if he had a T Mobile account and does not have any reason deny Midland Funding's claim to have purchased the T Mobile account:

> Q. Did you ever receive any communications from T-Mobile about an unpaid account?
>
> A. I don't recall.
>
> Q. So you don't remember receiving any phone calls about an unpaid account?
>
> A. No, I don't remember.
>
> Q. And you don't remember receiving any written correspondence from T-Mobile about an unpaid account?
>
> A. No, I don't remember.

---

[1] Plaintiff's deposition was not taken until January 28, 2014, and was unavailable for use at the time Midland Funding, LLC filed the present Motion for Summary Judgment.

3

{00014656;1}

| | | |
|---|---|---|
| 1 | Q. | Do you have any reason to doubt Midland Funding's claim to have purchased this account from T-Mobile? |
| 2 | A. | Can you rephrase the question? |
| 3 | Q. | Midland Funding has claimed to have purchased this account. Do you have any reason to doubt that they did so? |
| 4 | A. | I don't know. That's not for me to decide. |
| 5 | Q. | So you don't know one way or another? You do know, as you've stated before on the record, that this is not your account? |
| 6 | A. | I don't recall. |
| 7 | Q. | You don't recall. So this may be your account, you just don't recall? |
| 8 | A. | I don't recall the account number. I don't recall what this is. |
| 9 | Q. | So just to clarify, you don't remember. It's not that you're saying it's not your account or it is your account, you're saying you don't remember if it is or is not your account; is that correct? |
| 10 | A. | Correct. |

(Declaration of Keith A. Yeomans in Support of Midland Funding, LLC'S Reply in Support of Motion for Summary Judgment ("Yeomans Declaration") ¶ 2 & Exh. A, pp. A-005 to A-006 [Deposition of Timothy Salmas (Salmas Deposition), pp. 18:19 to 19:23].)

All of Plaintiff's claims in this litigation revolve around his claim that he does not have an account with Midland Funding. But he does not know if he ever had an account with T Mobile. And he does not know if Midland Funding purchased the T Mobile account. Midland Funding cannot be liable for inaccurately reporting Plaintiff's account if Plaintiff cannot determine whether the account actually belongs to him.

**2.  Plaintiff has failed to respond to requests for admission that are fatal to his claims.**

On December 13, 2013, counsel for Midland Funding served requests for admission, interrogatories, and requests for production of documents on Plaintiff Timothy Salmas. (Yeomans Declaration, ¶¶ 3, 5 & Exh. B, pp. B-002 to B-015.)

4

{00014656;1}

1   On January 9, 2014, counsel for Midland Funding received an e-mail from
2   Plaintiff claiming he did not receive any discovery.  Courtesy copies of the
3   outstanding discovery requests were sent to Plaintiff by e-mail the same day.
4   (Yeomans Declaration, ¶¶ 4-5 & Exh. B.)  Plaintiff admitted receiving the e-mail
5   stating, he would "review the attached documents."  (Yeomans Declaration, ¶ 6
6   & Exh. C.)  And yet Plaintiff continues to claim he never received it.  (Salmas
7   Affidavit, p. 2 ¶ 10.)

8   To date, Plaintiff has not served any responses or objections.  (Yeomans
9   Declaration, ¶ 7.)  Pursuant to Federal Rule of Civil Procedure 36(a)(3), Plaintiff
10  has admitted the Requests for Admission served by Midland Funding and
11  Plaintiff's claims necessarily fail.  Specifically, Plaintiff admits:

- Midland Funding did not violate the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x (See, RFA no. 1);
- Midland Funding did not violate the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1-1785.36 (See, RFA no. 2);
- Midland Funding did not violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1601-1692p (See, RFA no. 3);
- Midland Funding did not violate the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.33 (See, RFA no. 4); and,
- Plaintiff owes the debt at issue in this case (See, RFA no. 10);

(Yeomans Declaration, Exh. B, pp. B10 to B11.)

While a pro se litigant should be afforded some latitude, it does not permit Plaintiff to completely ignore Midland Funding's discovery until the eve of trial. Plaintiff's failure to respond significantly prejudices Midland Funding's trial preparation.

{00014656;1}

Midland Funding timely served written discovery on Plaintiff. Plaintiff had actual notice of the discovery at least by January 9, 2014, if not earlier. Plaintiff's failure to respond is deliberate and fatal to Plaintiff's claims. Fed. R. Civ. Proc. 36(a)(3).

### 3. Midland Funding does not have a duty to prove the reasonableness of its investigation.

Plaintiff has taken the position that Midland Funding's investigation of his dispute was unreasonable because Midland Funding has not shown that its investigation was reasonable. Plaintiff states that, "Midland Funding, LLC has shown no evidence as to the procedures used, documents researched, people consulted, which employee(s) or departments had conducted an investigation, or any indication that Midland Funding, LLC had in fact, conducted an investigation at all." (Opposition, p. 6 ¶ 20; see also, Salmas Affidavit ¶ 17.)

Plaintiff is confused as to the burden of proof in this case. Midland Funding does not have the burden to demonstrate its investigation was reasonable; Plaintiff must prove Midland Funding's investigation was unreasonable. *Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 37 (1st Cir. 2010) ("The burden of showing the investigation was unreasonable is on the plaintiff.") And, "absent a showing of actual inaccuracy on a reinvestigation, a plaintiff's claim against a CRA fails as a matter of law...In other words, to carry his burden, the plaintiff had to demonstrate some causal relationship between the CRA's allegedly unreasonable reinvestigation and the failure to discover inaccuracies in his account. We hold that plaintiffs suing furnishers under § 1681s-2(b) must make the same showing..." *Id*.

Plaintiff has failed to carry his burden of demonstrating an inaccuracy on his credit report, failed to carry his burden of demonstrating an unreasonable investigation by Midland Funding, and failed to carry his burden of

{00014656;1}

demonstrating that a reasonable investigation would have discovered the inaccuracy. Plaintiff's claim under the FCRA fails for lack of evidence.

**4.  Midland Funding's investigation was reasonable as a matter of law.**

The scope of Midland Funding's investigation required by the FCRA is framed by Plaintiff's disputes to the credit reporting agencies ("CRAs"). "The pertinent question is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009).

Plaintiff's disputes to the CRAs provided no information about what was in dispute or why it was being disputed. Plaintiff stated only, "I am disputing the following reported items…Midland Funding, LLC 854273*." (Salmas Affidavit, Exhs. D-F.) As a matter of law, Midland Funding was not obligated to investigate such a dispute. See, *Westra v. Credit Control of Pinellas*, 409 F.3d 825 (7th Cir. 2005).

In *Westra*, plaintiff sent a dispute to the CRAs, disputing a reported charge "on the basis that the account did not belong to him." *Id.* at 827. The 7th Circuit Court of Appeals held that in response to a dispute with such "scant information," the furnisher was not required to do more than verify plaintiff's "name, address, and date of birth" ***as a matter of law***. *Id.*

Here, Plaintiff provided even less information. Unlike the plaintiff in *Westra*, Timothy Salmas did not even bother to provide a basis for the dispute or indicate what information being reported was in dispute. (Salmas Affidavit, Exhs. D-F.) Under the circumstances, the Court should hold that Midland Funding had no duty to conduct any investigation in response to Plaintiff's dispute.

First, Midland Funding did not furnish information on Plaintiff's credit report. Midland Funding has presented evidence that all credit reporting was

{00014656;1}

undertaken by Midland Credit Management, Inc. ("MCM"). (SUF ¶¶ 4 & 7.) So Midland Funding never had a duty to investigate because it never furnished information about Plaintiff to the CRAs. And even if Plaintiff had presented evidence that Midland Funding was obligated to conduct an investigation, MCM reported Plaintiff's account as disputed on behalf of Midland Funding. MCM then sent Plaintiff a letter with the relevant account information and confirmed that the reported account information matched the account information for the Midland Funding account. (SUF ¶¶ 7-8.) This investigation was reasonable given the lack of *any* meaningful information from Plaintiff about his dispute. Midland Funding complied with any obligation to investigate Plaintiff's dispute as a matter of law.

Dated February 24, 2014,

/s/ Keith A. Yeomans

David J. Kaminski
Keith A. Yeomans
**CARLSON & MESSER LLP**

*Attorneys for Defendant*
*Midland Funding, LLC*

{00014656;1}

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA 90045.

On **February 24, 2014**, I served the foregoing document(s) described as: **DEFENDANT MIDLAND FUNDING, LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION, AGAINST PLAINTIFF TIMOTHY L. SALMAS** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[] **BY ELECTRONIC MAIL**: Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[] **VIA NEXT DAY FEDERAL EXPRESS**
I delivered the above described documents in the above described envelopes to Federal Express for delivery via FedEx next business afternoon.

[ ] **BY FACSIMILE** - I transmitted via telecopier machine such document to the offices of the addressees.

[] **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **24th** day of **February, 2014** at Los Angeles, California.

*/s/ Linda Brooks*
Linda Brooks

1
PROOF OF SERVICE

**SERVICE LIST**
**Timothy Salmas v. Midland Funding, LLC**
File No.: 07500.00

Timothy L. Salmas                    **PLAINTIFF IN PRO SE**
12823 Maxwell Dr.
Tustin, California  92782