David J. Kaminski (SBN: 128509)
KaminskiD@cmtlaw.com
Keith A. Yeomans (SBN: 245600)
YeomansK@cmtlaw.com
**CARLSON & MESSER LLP**
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

*Attorneys for Defendant*
*Midland Funding, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy L. Salmas,<br><br>    Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Management, Inc.,<br><br>    Defendants. | **Case No. 8:13-cv-00679-DOC-SH**<br><br>**DEFENDANT MIDLAND FUNDING, LLC'S MOTION *IN LIMINE* NO. ONE TO PRECLUDE PLAINTIFF FROM CALLING ANY WITNESSES AT TRIAL**<br><br><u>Pre-Trial Conference</u><br><br>Judge:  Hon. David O. Carter<br>Date:   March 10, 2014<br>Time:   8:30 a.m.<br>Room:   9-D<br><br>Complaint filed April 30, 2013<br>Trial set for April 1, 2014 |

**TO THE COURT, PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on March 10, 2014 at 8:30 a.m. in Courtroom 9-D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendant Midland Funding, LLC (hereinafter

1  "Midland Funding") will move *in limine* for an order to exclude Plaintiff
2  Timothy L. Salmas (hereinafter "Plaintiff") from calling any witnesses at trial.
3       This Motion will be based upon this Notice, the attached Memorandum of
4  Points and Authorities, the Declaration of Keith A. Yeomans filed concurrently
5  herewith, as well as any other such matters that may be presented at the time of
6  the hearing.

Dated February 27, 2014,                    **CARLSON & MESSER LLP**

                                            By: /s/David J. Kaminski
                                                David J. Kaminski
                                                Attorneys for Defendant,
                                                MIDLAND FUNDING, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Midland Funding seeks an order precluding Plaintiff from calling any witnesses at trial for the following reasons:

- Plaintiff failed to serve FRCP 26(a) disclosures that identified any individuals likely to have discoverable information;
- Plaintiff failed to respond to Midland Funding's written discovery identification of all persons with knowledge of facts in support of Plaintiff's claims; and,
- Plaintiff failed to file or serve a trial witness list.

Midland Funding would be severely prejudiced if Plaintiff were permitted to call any witnesses at trial because it has been deprived of any opportunity to depose or prepare a cross examination of any witnesses. This Court should preclude Plaintiff from calling any witnesses at trial.

### II. BACKGROUND

Plaintiff alleges Midland Funding violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1-1785.36 for failing to conduct a reasonable investigation in response to Plaintiff's dispute of his account and for allegedly reporting inaccurate information to the CRAs. Plaintiff also claims that Midland Funding violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1601-1692p and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.33, by falsely reporting the account on his credit report and for failing to provide certain disclosures and verification of the debt.

On October 13, 2013, counsel for Midland Funding received initial disclosures from Plaintiff. (Declaration of Keith A. Yeomans in Support of Motions in Limine Nos. 1 & 2 ("Yeomans Declaration") ¶ 2.) Plaintiff's initial

disclosures did not identify any documents that Plaintiff might use to support his claims. (Yeomans Declaration ¶ 2 & Exh. A.)

On December 13, 2013, counsel for Midland Funding served requests for admission, requests for production of documents, and interrogatories on Plaintiff. (Yeomans Declaration ¶ 3 & Exh. B.) Midland Funding requested the identity of all persons with knowledge of Plaintiff's claims and documents supporting Plaintiff's claims. (Yeomans Declaration ¶ 3 & Exh. B [*See* Interrogatories 12-13 & Requests for Production 1-4].)

On January 9, 2014, courtesy copies were sent to Plaintiff by e-mail. (Yeomans Declaration ¶ 4 & Exh. C.) To date, counsel for Midland Funding has not received any response to the outstanding discovery. (Yeomans Declaration ¶ 5.)

To date, counsel for Midland Funding has not received any list of trial witnesses from Plaintiff. (Yeomans Declaration ¶ 6.)

On February 12, 2014, counsel for Midland Funding sent an e-mail to Plaintiff requesting a list of his trial exhibits in order to comply with Local Rule 16-6. (Yeomans Declaration ¶ 7 & Exh. D.) To date, counsel for Midland Funding has not received any list of trial exhibits from Plaintiff. (Yeomans Declaration ¶ 8.)

### III. PLAINTIFF SHOULD BE PRECLUDED FROM CALLING WITNESSES AT TRIAL.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to identify the name and, if known, the address and phone number of each individual that may have discoverable information that the disclosing party may use in support of its claims. Plaintiff failed to identify any witness other than himself. (Yeomans Declaration ¶ 2 & Exh. A.) Pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiff is precluded from calling any other witnesses at trial unless his failure was harmless or substantially justified. Plaintiff's failure was not harmless because it prevented Midland Funding from deposing and preparing to cross-examine any other witness. Nor was Plaintiff's failure substantially justified in light of Plaintiff's

continued/repeated failure to comply with his disclosure and discovery requirements in this litigation as detailed below.

Midland Funding served written discovery on Plaintiff seeking the identity of all persons with knowledge of the facts supported Plaintiff's claims. (Yeomans Declaration ¶ 3 & Exh. B [*See* Interrogatory 12].) Midland Funding then sent a courtesy copy of the same discovery to Plaintiff by e-mail. (Yeomans Declaration ¶ 4 & Exh. C.) Plaintiff failed to respond. (Yeomans Declaration ¶ 5.) Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the failure to respond to discovery is sanctionable.

Local Rule 16-5 requires a Witness List:

> "Each party shall serve and file under separate cover, at the same time as the Memorandum of Contentions of Fact and Law, a witness list containing the information required by F.R.Civ.P. 26(a)(3)(A). An asterisk shall be placed next to the names of those witnesses whom the party may call only if the need arises. Any objections to the use under F.R.Civ.P. 32 of a deposition designated under F.R.Civ.P.26(a)(3)(A) shall be stated in the Final Pretrial Conference Order."

Plaintiff failed to file or serve a trial witness list. (Yeomans Declaration ¶ 6.) Local Rule 83-7 states that the "violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions...(b) the imposition of costs and attorneys' fees...(c)...such other sanctions as the Court may deem appropriate under the circumstances."

## III. CONCLUSION

Plaintiff's conduct is sanctionable and this Court has the authority to preclude Plaintiff from calling any witnesses at trial. And as a whole, Plaintiff's repeated failures to comply with his disclosure and discovery requirements demonstrates an overall disregard for these proceedings that warrant the imposition of such a severe sanction. And absent such an exclusion, Midland Funding would be severely prejudiced. Midland Funding would be unfairly forced to respond to Plaintiff's witnesses for the first time at trial, having been denied any opportunity to depose, take discovery concerning, and adequately

1  prepare for any cross-examination at trial.  Midland Funding respectfully
2  requests that this Court preclude Plaintiff from calling any witnesses at trial.
3
4
5  Dated February 27, 2014,               **CARLSON & MESSER LLP**
6                                          By: /s/David J. Kaminski
7                                              David J. Kaminski
                                                Attorneys for Defendant,
                                                MIDLAND FUNDING, LLC