David J. Kaminski (SBN: 128509)
KaminskiD@cmtlaw.com
Keith A. Yeomans (SBN: 245600)
YeomansK@cmtlaw.com
**CARLSON & MESSER LLP**
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

*Attorneys for Defendant*
*Midland Funding, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy L. Salmas,<br><br>  Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc.,<br>Midland Funding, LLC, and<br>Encore Capital Management, Inc.,<br><br>  Defendants. | **Case No. 8:13-cv-00679-DOC-SH**<br><br>**DEFENDANT MIDLAND FUNDING, LLC'S MOTION *IN LIMINE* NO. TWO TO PRECLUDE PLAINTIFF FROM INTRODUCING EXHIBITS AT TRIAL**<br><br><u>Pre-Trial Conference</u><br><br>Judge: Hon. David O. Carter<br>Date: March 10, 2014<br>Time: 8:30 a.m.<br>Room: 9-D<br><br>Complaint filed April 30, 2013<br>Trial set for April 1, 2014 |

**TO THE COURT, PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on March 10, 2014 at 8:30 a.m. in Courtroom 9-D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendant Midland Funding, LLC (hereinafter "Midland Funding") will move *in limine* for an order to exclude Plaintiff Timothy L. Salmas (hereinafter "Plaintiff") from introducing exhibits at trial.

1     This Motion will be based upon this Notice, the attached Memorandum of
2 Points and Authorities, the Declaration of Keith A. Yeomans filed concurrently
3 herewith, as well as any other such matters that may be presented at the time of
4 the hearing.

6 Dated: February 27, 2014         **CARLSON & MESSER LLP**

8                                 By: /s/David J. Kaminski
9                                     David J. Kaminski
                                    Attorneys for Defendant,
10                                  MIDLAND FUNDING, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Midland Funding seeks an order precluding Plaintiff from introducing any exhibits at trial for the following reasons:

- Plaintiff failed to serve FRCP 26(a) disclosures that identified any documents, ESI or tangible things that Plaintiff might use to support his claims;
- Plaintiff failed to respond to Midland Funding's written discovery seeking all documents in support of Plaintiff's claims; and,
- Plaintiff failed to file or serve a trial exhibit list.

Midland Funding would be severely prejudiced if Plaintiff were permitted to introduce any exhibits at trial because it has been deprived of any opportunity to examine or conduct discovery concerning Plaintiff's trial exhibits. In fairness, this Court should preclude Plaintiff from introducing any exhibits at trial.

## II. BACKGROUND

Plaintiff alleges Midland Funding violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1-1785.36 for failing to conduct a reasonable investigation in response to Plaintiff's dispute of an account and for allegedly reporting inaccurate information to the CRAs. Plaintiff also claims that Midland Funding violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1601-1692p and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.33, by falsely reporting the account on his credit report and for failing to provide certain disclosures and verification of the debt.

On October 13, 2013, counsel for Midland Funding received initial disclosures from Plaintiff. (Declaration of Keith A. Yeomans in Support of Motions in Limine Nos. 1 & 2 ("Yeomans Declaration") ¶ 2.) Plaintiff's initial

1  disclosures did not identify any documents that Plaintiff might use to support his
2  claims. (Yeomans Declaration ¶ 2 & Exh. A.)
3       On December 13, 2013, counsel for Midland Funding served requests for
4  admission, requests for production of documents, and interrogatories on Plaintiff.
5  (Yeomans Declaration ¶ 3 & Exh. B.)  Midland Funding requested the identity of all
6  persons with knowledge of Plaintiff's claims and documents supporting Plaintiff's
7  claims. (Yeomans Declaration ¶ 3 & Exh. B [*See* Interrogatories 12-13 & Requests for
8  Production 1-4].)
9       On January 9, 2014, courtesy copies were sent to Plaintiff by e-mail.
10 (Yeomans Declaration ¶ 4 & Exh. C.)  To date, counsel for Midland Funding has not
11 received any response to the outstanding discovery. (Yeomans Declaration ¶ 5.)
12      To date, counsel for Midland Funding has not received any list of trial witnesses
13 from Plaintiff. (Yeomans Declaration ¶ 6.)
14      On February 12, 2014, counsel for Midland Funding sent an e-mail to Plaintiff
15 requesting a list of his trial exhibits in order to comply with Local Rule 16-6.
16 (Yeomans Declaration ¶ 7 & Exh. D.)  To date, counsel for Midland Funding has not
17 received any list of trial exhibits from Plaintiff. (Yeomans Declaration ¶ 8.)

## III. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EXHIBITS AT TRIAL.

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires parties to identify all documents, ESI or tangible things that the parties may use to support their claims. Plaintiff failed to identify any documents, ESI or tangible things that he intended to use to support his claim. (Yeomans Declaration ¶ 2 & Exh. A.)  Pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiff is precluded from introducing any documents, ESI or tangible things at trial unless his failure was harmless or substantially justified. Plaintiff's failure was not harmless because it prevented Midland Funding from preparing any defense to such evidence. Nor was Plaintiff's

failure substantially justified in light of Plaintiff's continued/repeated failure to comply with his disclosure and discovery requirements in this litigation as detailed below.

Midland Funding served written discovery on Plaintiff seeking all documents that supported Plaintiff's claims. (Yeomans Declaration ¶ 3 & Exh. B [*See* Interrogatory 13 & Requests for Production 1-4].) Midland Funding then sent a courtesy copy of the same discovery to Plaintiff by e-mail. (Yeomans Declaration ¶ 4 & Exh. C.) Plaintiff failed to respond. (Yeomans Declaration ¶ 5.) Pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the failure to respond to discovery is sanctionable.

Local Rule 16-6.1 requires a Joint Exhibit List:

> "Not later than twenty-one (21) days before the Final Pretrial Conference, all parties shall file a joint list of exhibits containing the information required by F.R.Civ.P. 26(a)(3)(A)(iii)..."

Here, the Plaintiff failed to file or serve his list of trial exhibits despite receiving an e-mail reminder from counsel for Midland Funding that he was obligated to do so. (Yeomans Declaration ¶¶ 7-8 & Exh. D.) Local Rule 83-7 states that the "violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions...(b) the imposition of costs and attorneys' fees...(c)...such other sanctions as the Court may deem appropriate under the circumstances."

### III. CONCLUSION

Plaintiff's conduct is sanctionable and this Court has the authority to preclude Plaintiff from introducing any exhibits at trial. And as a whole, Plaintiff's repeated failures to comply with his disclosure and discovery requirements demonstrates an overall disregard for these proceedings that warrant the imposition of such a severe sanction. And absent such an exclusion, Midland Funding would be severely prejudiced. Midland Funding would be unfairly forced to respond to Plaintiff's evidence for the first time at trial, having

been denied any opportunity to examine, take discovery concerning, and adequately prepare for a response to Plaintiff's trial exhibits. Midland Funding respectfully requests that this Court preclude Plaintiff from using exhibits at trial.

Dated: February 27, 2014

**CARLSON & MESSER LLP**

By: /s/David J. Kaminski
    David J. Kaminski
    Attorneys for Defendant,
    MIDLAND FUNDING, LLC